FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 14, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADDIE EDWARDS, as Personal Representative
of the Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards and
all others similarly situated                         PLAINTIFF

vs.                  Case No. 17-1054

CAMDEN OPERATIONS, LLC d/b/a Ouachita
Nursing and Rehabilitation Center; CAMDEN-
PROGRESSIVE ELDERCARE SERVICES, INC.
d/b/a Ouachita Nursing and Rehabilitation Center;
CAMDEN II OPERATIONS, LLC d/b/a Pine Hills
Health and Rehabilitation Center; PROGRESSIVE
ELDERCARE SERVICES, INC.; SUB-TEN HOLDINGS, LLC;
JEJ INVESTMENTS, LLC; ADVANCED PRACTICE
SOLUTIONS, LLC; PROCARE THERAPY SERVICES, LLC;
SOUTHERN ADMINISTRATIVE SERVICES, LLC;
PONTHIE HOLDINGS, LLC; PROFESSIONAL NURSING
SOLUTIONS, LLC; CARE PLUS STAFFING, LLC;
ROSS PONTHIE; and JOHN PONTHIE                        DEFENDANTS

## NOTICE OF REMOVAL

The Defendants, for their notice of removal of this action from the Circuit Court of Ouachita County, Arkansas, to the United States District Court for the Western District of Arkansas under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, state:

1. This action commenced on March 12, 2015, when the Plaintiff filed her complaint in the Circuit Court of Ouachita County, Arkansas.

2. This action is pending in the Circuit Court of Ouachita County, Arkansas, and is captioned *Addie Edwards, as Personal Representative of the Estate of Ozie Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards and all others similarly situated vs.*

*Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center et al.*, Case Number CV-2014-203-6.

3. This action became removable under the Class Action Fairness Act, 28 U.S.C. § 1332(d), on July 27, 2017 when the Plaintiffs served her "First Class Action Complaint Against Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc. both d/b/a Ouachita Nursing and Rehabilitation Center and the Ponthie Defendants" upon all Defendants except the newly-added defendants Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center, Progressive Eldercare Services, Inc., Care Plus Staffing, LLC,[1] and Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center.

4. Defendants Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center, Progressive Eldercare Services, Inc., and "Care Plus Staffing, LLC"[1] were not defendants to this action until the filing of the aforementioned First Class Action Complaint on July 28, 2017 at approximately 11:32 a.m.

5. Defendant Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center were not defendants to this action until the filing of the Plaintiff's "First <u>Amended</u> Class Action Complaint Against Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc. both d/b/a Ouachita Nursing and Rehabilitation Center, Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center and the Ponthie Defendants" (hereinafter the "First Amended Class Action Complaint") on July 28, 2017 at approximately 3:44 p.m.

6. This notice of removal is timely under 28 U.S.C. § 1446(b).

---

[1] An entity named "Care Plus Staffing, LLC" does not exist. It appears from the misnomer that the Plaintiff intended to name an entity called "CarePlus Staffing Services, LLC" as a defendant.

2

7. The Defendants have not yet filed a response to the First Amended Class Action Complaint. The Defendants reserve the right to object to any defects as to personal jurisdiction, service of process, sufficiency of process, and any other defense available under Fed. R. Civ. P. 12.

8. By removing this case to this Court, the Defendants do not waive the right to enforce any arbitration agreement or class action waiver that may exist between the Plaintiff and Defendants or any putative class member and the Defendants.

### A. Parties

9. The Plaintiff is a citizen of the State of Arkansas. (*See* First Am. Class Action Compl. ¶ 4); 28 U.S.C. § 1332(c)(2).

10. As set forth below, the Defendants are citizens of the States of Arkansas, Louisiana, and Texas.

11. Defendant Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center is a limited liability company. Its members are Defendants JEJ Investments, LLC and Sub-Ten Holdings, LLC, which are citizens of Louisiana and Texas, and Defendants Ross M. Ponthie and Mark Thompson, both of whom are citizens of Louisiana. Therefore, Camden Operations, LLC is a citizen of Louisiana and Texas, the states in which its members are citizens. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

12. Defendant Camden - Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center is an Arkansas non-profit corporation with its principal place of business in Arkansas. Therefore it is a citizen of Arkansas under 28 U.S.C. § 1332(c)(1).

13. Defendant Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center is a limited liability company. Its members are Marybret, LLC and Defendants JEJ

Investments, LLC and Ross M. Ponthie, a citizen of Louisiana. The sole member of Marybret, LLC is Mark Thompson, a Louisiana citizen. Defendant JEJ Investments, LLC is a citizen of Louisiana and Texas. Therefore, Camden II Operations, LLC is a citizen of Louisiana and Texas, the states in which all of its members are citizens.

14. Defendant Progressive Eldercare Services, Inc. is an Arkansas non-profit corporation with its principal place of business in Arkansas. Therefore it is a citizen of Arkansas.

15. Defendant Sub-Ten Holdings, LLC is a limited liability company. Its members are Mark Thompson and Defendant Ross M. Ponthie, both of whom are citizens of Louisiana, and Defendant JEJ Investments, LLC, a citizen of Louisiana and Texas. Therefore, Sub-Ten Holdings, LLC is a citizen of Louisiana and Texas, the states in which its members are citizens.

16. Defendant JEJ Investments, LLC is a limited liability company. Its sole member is JEJ Assets, LP, a limited partnership whose partners are citizens of Louisiana and Texas. The general and limited partners of JEJ Assets, LP are Ponthie Interests, Inc., a Texas corporation with its principal place of business in Texas, Sharlot Ponthie, a citizen of Louisiana, and Defendant John Ponthie, a citizen of Louisiana. Therefore, JEJ Investments, LLC is a citizen of Louisiana and Texas, the states in which all of its members are citizens.

17. Defendant Advanced Practice Solutions, LLC has been dissolved and is no longer an existing entity. Therefore it is a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Prior to its dissolution, it was a limited liability company whose sole member was John Ponthie, a Louisiana citizen. Therefore, prior to its dissolution, Advanced Practice Solutions, LLC would have been a citizen of Louisiana, the state in which its sole member is a citizen.

18. Defendant ProCare Therapy Services, LLC is a limited liability company. Its members are Defendant JEJ Investments, LLC, a citizen of Louisiana and Texas, and Ross M. Ponthie, Mark Thompson, and Bruce Melder, all of whom are citizens of Louisiana. Therefore ProCare Therapy Services, LLC is a citizen of Louisiana and Texas, the states in which all of its members are citizens.

19. Defendant Southern Administrative Services, LLC is a limited liability company. Its members are Defendant JEJ Investments, LLC, a citizen of Louisiana and Texas, and Mark Thompson and Ross M. Ponthie, both of whom are citizens of Louisiana. Therefore, Southern Administrative Services, LLC is a citizen of Louisiana and Texas, the states in which its members are citizens.

20. Defendant Ponthie Holdings, LLC is a limited liability company. Its sole member is Ross M. Ponthie, a citizen of Louisiana. Therefore, Ponthie Holdings, LLC is a citizen of Louisiana, the state in which its sole member is a citizen.

21. Defendant Professional Nursing Solutions, LLC is a limited liability company. Its members are JEJ Investments, LLC, a citizen of Louisiana and Texas, and Ross M. Ponthie, Mark Thompson, and Bruce Melder, all of whom are citizens of Louisiana. Therefore, Professional Nursing Solutions, LLC is a citizen of Louisiana and Texas, the states in which all of its members are citizens.

22. Defendant "Care Plus Staffing, LLC" does not exist and is therefore a defendant sued under a fictitious name whose citizenship is disregarded under 28 U.S.C. § 1441(b)(1). Supposing that the Court was to treat the allegations against "CarePlus Staffing, LLC" in the Plaintiff's First Amended Class Action Complaint as a claim against CarePlus Staffing Services, LLC, the defendant would be a citizen of Louisiana and Texas, because the members of CarePlus Staffing

5

Services, LLC, are JEJ Investments, LLC, a citizen of Louisiana and Texas, and Ross Ponthie, Mark Thompson, and Bruce Melder, all of whom are citizens of Louisiana.

23. Defendant Ross Ponthie is a citizen of the State of Louisiana.

24. Defendant John Ponthie is a citizen of the State of Louisiana.

25. Omega Healthcare Investors, Inc. was a defendant to this action prior to the Plaintiff filing her amended complaint on July 27, 2017. It is not named as a defendant in the First Amended Class Action Complaint filed on July 28, 2017 or the amended complaint filed on the previous day. To the extent that its citizenship is at issue, Omega Healthcare Investors, Inc. is a Maryland corporation with its principal place of business in Maryland, and is therefore a Maryland citizen. It is the Defendants' position that Omega Healthcare Investors, Inc. is no longer a party to this lawsuit. Nonetheless, it consents to the removal of this action.

26. Jennie Jeanette Goss Hassan, in her capacity as administrator of Ouachita Nursing and Rehabilitation Center, was a defendant to this action prior to the Plaintiff filing her amended complaint on July 27, 2017. She is not named as a defendant in the First Amended Class Action Complaint filed on July 28, 2017 or the amended complaint filed on the previous day. To the extent that her citizenship is at issue, Ms. Hassan is a citizen of Arkansas. It is the Defendants' position that Ms. Hassan is no longer a party to this lawsuit. Nonetheless, she consents to the removal of this action.

**B. Original Jurisdiction under Class Action Fairness Act, 28 U.S.C. § 1332(d)**

27. This Court has original jurisdiction of this action. Under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"), a putative class action may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at

least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Complete diversity among the parties is not required. 28 U.S.C. § 1332(d)(2)(A).

28. The Plaintiff seeks to represent a class of "all residents and estates of residents who resided at Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc. both d/b/a Camden Nursing and Rehabilitation Center and Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center ('the Facilities') from September 1, 2013 through the present." (First Am. Class Action Compl. ¶¶ 2.) According to the Plaintiff, more than 400 persons resided at the Facility during the proposed class period. (*Id.* ¶ 37.) Based on the Plaintiff's allegations, there are more than 100 members of the proposed class.

29. On behalf of the proposed class, the Plaintiff seeks compensatory, economic, and punitive damages. (First Am. Class Action Compl. ¶ 2 & p. 33 §§ a, b, e.)

30. The Plaintiff seeks attorneys' fees, interest, and costs on behalf of herself and the proposed class. (First Am. Class Action Compl. ¶ 2 & p. 33 §§ c-d.)

31. In addition, the Plaintiff seeks disgorgement of "all funds received in violation of state and federal laws and regulations, *id.* ¶ 93, and to enjoin Defendants from "accepting payments from any source, including Medicare and Medicaid, at any time in which the facilities are not in full compliance with all state and federal laws and regulations." (First Am. Class Action Compl. p. 33 § f.)

32. The Plaintiff alleges that her claims are "typical of the claims of the class." (First Am. Class Action Compl. ¶¶ 47, 48.)

33. In her original complaint, the Plaintiff alleged that she was entitled to compensation "for injuries and damages sustained and exceeding that required by federal court jurisdiction in

7

diversity of citizenship cases." (Complaint p. 32, § 1, Nov. 24, 2014.) She demanded the same relief in her amended complaint filed on August 28, 2015 and has not reduced her claim for damages since initiating this litigation. Therefore, the Plaintiff has alleged that her individual damages, and those of each class member, exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

34. Based upon the number of class members and the amount of damages sought by the Plaintiff on behalf of the class, the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. Specifically, the Plaintiff alleges that she and each class member has damages greater than $75,000, that there are up to 400 class members, and that her claims are typical of the class. Based on the Plaintiff's allegations, the amount in controversy is at least $30,000,000 ($75,000 x 400). Even if the class is half the size suggested in the complaint (*i.e.*, only 200 members) and the average alleged damages are half those alleged for the putative class representative (i.e., only $37,500 per class member), the amount in controversy is still greater than the CAFA jurisdictional amount of $5 million. ($37,500 x 200 = $7,500,000.) Therefore, this notice of removal contains "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 544 (2014); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (ignoring plaintiff's amount-in-controversy allegations intended to defeat removal under CAFA).

35. Accordingly, this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

36. There is minimal diversity between the proposed class of plaintiffs and the Defendants to this action. 28 U.S.C. § 1332(d)(2)(A).

37. This Court has original jurisdiction under 28 U.S.C. § 1332(d).

8

### C. Original Jurisdiction under 28 U.S.C. § 1332(a)

38. Defendants also remove this action under 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

39. The only citizens of Arkansas named as defendants in the First Amended Class Action Complaint are Camden-Progressive Eldercare Services, Inc. and Progressive Eldercare Services, Inc. (the "Progressive Defendants").

40. It is clear from the face of the complaint that the Progressive Defendants are fraudulently joined. The First Amended Class Action Complaint alleges that the former resident, Ozie Edwards, died on November 12, 2013. (First Am. Class Action Compl. ¶ 4.) But it alleges that Defendant Camden-Progressive Eldercare Services, Inc. did not own, operate, manage, or hold the license for the facility until on or about September 1, 2015, almost two years after the death of the Plaintiff's decedent. (*Id.* ¶ 6.) Camd

41. There are no substantive allegations against Defendant Progressive Eldercare Services, Inc., other than that it is the parent company of Camden-Progressive Eldercare Services, Inc. (First Am. Class Action Compl. ¶ 10.) Based on the Plaintiff's own allegations, Progressive Eldercare Services, Inc. had no involvement in the facility, either directly or as a parent company, until on or about September 1, 2015. (*Id.* ¶ 6.)

42. It is obvious that the Plaintiff and the Plaintiff's decedent have not suffered an injury at the hands of the Progressive Defendants (or either one of them) because the Plaintiff's decedent passed away before the Progressive Defendants were involved in the facility. Therefore, the Plaintiff lacks Article III standing to bring a claim against the Progressive Defendants. *See Hargis*

*v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (listing elements of Article III standing in class action removed from state court).

43. The Plaintiff did not acquire additional standing to sue the Progressive Defendants by seeking to be certified as a class representative. To the contrary, the rule is that "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed." *Oetting v. Norton*, 795 F.3d 886, 892 (8th Cir. 2015) (quoting *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 361 n. 12 (3d Cir. 2013)).

44. For the purpose of determining if jurisdiction exists under 28 U.S.C. § 1332(a), the Court may ignore a defendant's citizenship the citizenship of fraudulently joined defendants such as the Progressive Defendants, whose presence in the case destroys complete diversity of citizenship. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). Fraudulent joinder occurs in cases such as this one, when there is no reasonable basis in law or fact for a claim against a defendant whose presence destroys diversity of citizenship. *Id.*; *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).

45. The Progressive Defendants were fraudulently joined to this action for the purpose of defeating diversity jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the Plaintiff and all properly joined Defendants.

46. Aside from the obvious fact that it is impossible for the Progressive Defendants to have injured the Plaintiff or Plaintiff's decedent, there are no specific allegations as to any misconduct by the individual Progressive Defendants. Instead, they are lumped in with all other Defendants with respect to the Plaintiff's substantive allegations.

47. There is no reasonable basis in law or fact for the claims against the Progressive Defendants. *See, e.g., Tuohey v. Chenal Healthcare, LLC*, 173 F. Supp. 3d 804 (E.D. Ark. 2016)

(dismissing claims against nursing home owners and administrators); *Bayird v. Floyd*, 2009 Ark. 455, at 10, 344 S.W.3d 80, 86-87 (affirming dismissal of Resident's Rights and ADTPA claims because defendant was not personally involved in events surrounding an injury); *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 14, 420 S.W.3d 477, 486 (holding that the plaintiff must show that administrator "was a proximate cause of the plaintiff's damages" and "personally involved in the events surrounding an injury.").

48. The Progressive Defendants were fraudulently joined with respect to all claims asserted in the Plaintiff's First Amended Class Action Complaint. Their citizenship should be disregarded for purposes of determining diversity jurisdiction.

49. Disregarding the citizenship of the Progressive Defendants, there is complete diversity between the Plaintiff and remaining Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

50. In addition to original jurisdiction under 28 U.S.C. § 1332(a), this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims by or against any party for which there is less than $75,000 in controversy. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 560-63 (2005).

### D. The Procedural Requisites to Removal are Satisfied

51. This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

52. Although the consent of all defendants is not required under CAFA, 28 U.S.C. § 1453(b), all Defendants are represented by the undersigned counsel and consent to the removal of this action.

53. Copies of all process, pleadings, and orders served upon the Defendants or filed in this action in the Circuit Court of Ouachita County, Arkansas, along with a true and correct copy of the docket sheet from the state court, are attached to this notice of removal as Exhibit 1.

54. A copy of this notice of removal will be filed forthwith in the Circuit Court of Ouachita County, Arkansas.

55. All procedural requisites to removal have been met. Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE, the Defendants hereby give notice of the removal of this action to this Court and respectfully request all just and proper relief.

CONNER & WINTERS, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
(479) 582-5711 Telephone
(479) 582-1426 Facsimile


By: /s/ Vicki Bronson
Amy M. Wilbourn, Ark. Bar No. 2003166
Vicki Bronson, Ark. Bar No. 97058
Email: awilbourn@cwlaw.com
Email: vbronson@cwlaw.com

*Attorneys for Defendants Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center; Camden II Operations, LLC d/b/a Pine Hills Health and Rehabilitation Center; Progressive Eldercare Services, Inc.; JEJ Investments, LLC; Advanced Practice Solutions, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; Care Plus Staffing, LLC; Ross Ponthie; John Ponthie; and former defendant Omega Healthcare Investors, Inc.*

KUTAK ROCK LLP

By: /s/ Andrew King
Andrew King, Ark. Bar No. 2007176
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
(501) 975-3000 Telephone
(501) 975-3001 Facsimile
andrew.king@kutakrock.com

and

Mark W. Dossett, AR 95174
Jeff Fletcher, AR 2005129
Dale W. Brown, AR 2004121
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com
Jeffrey.Fletcher@KutakRock.com
Dale.Brown@KutakRock.com

*Attorneys for Defendants Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; Sub-Ten Holdings, LLC; and former defendant Jennie Jeanette Goss Hassan, in her capacity as Administrator of Ouachita Nursing and Rehabilitation Center*

13

CERTIFICATE OF SERVICE

    I hereby certify that on August 14, 2017, I served a true and correct copy of the foregoing on all other parties by first-class U.S. Mail, postage prepaid, through following counsel of record:

Brian D. Reddick
Brent L. Moss
Robert W. Francis
Daniel K. Yim
REDDICK MOSS, PLLC
One Information Way, Suite 105
Little Rock, AR 72202
brian@reddickmoss.com
brent@reddickmoss.com
rob@reddickmoss.com
daniel@reddickmoss.com

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
awilbourn@cwlaw.com
vbronson@cwlaw.com

H. Gregory Campbell
CAMPBELL LAW FIRM, P.A.
One Information Way, Box 101
Little Rock, AR 72202
Greg@GCampbell-law.com

_____
Andrew King