# CIVIL DOCKET

CASE NO. CV-2014-203-6

| No. of Case | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | BOOK | | DATE OF FILING | | | Process Service, Etc. |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Vol. | Page | Month | Day | Year | |
| CV-2014-203-6 | ADDIE EDWARDS, ET AL | REDDICK MOSS | NURSING HOME NEGLIGENCE | | | 11 | 24 | 2014 | SUMMONS ISSUED 11-24-2014 |
| | | *Plaintiff* | | | | Jury Fees $ | | | DIVERSICARE LEASING 12-1-14 |
| | vs. | | | | | | | | MARK THOMPSON 12-5-2014 |
| | DIVERSICARE LEASING CORP, ET AL | | | | | Paid by | | | DIVERSICARE HEALTH 12-8-14 |
| | | | | | | | | | JEANETTE HASSAN 1-6-2015 |
| | | *Defendant* | | | | | | | DIVERSICARE MANAGE 12-5-14 |
| | | | | | | | | | ROSS PONTHIE 12-5-2014 |
| | | | | | | | | | OMEGA 12-6-2014 |

| Date of Orders | ORDERS OF COURT | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11-24-2014 | COMPLAINT | | | | | | | | ADVOCAT 12-4-2014 |
| 12-30-2014 | ANSWER TO COMPLAINT | | | | | | | | JOHN PONTHIE 1-3-2015 |
| 01-05-2015 | ANSWER TO COMPLAINT (DIVERSICARE AND ADVOCAT ANCILLARY) | | | | | | | | CAMDEN OPERATIONS 12-4-14 |
| | | | | | | | | | PROFESSIONAL NURSING 12-4-14 |
| 01-05-2015 | SEPARATE DEFENDANT, OMEGA HEALTHCARE INVESTORS, LLC'S ANSWER TO COMPLAINT | | | | | | | | JEP INVESTMENTS 12-4-2014 |
| | | | | | | | | | PONTHIE HOLDINGS 12-4-2014 |
| 01-14-2015 | AFFIDAVIT OF SERVICE X 17 | | | | | | | | SUB-TEN 12-4-2014 |
| | | | | | | | | | MASTERTEN 12-4-2014 |
| 01-21-2015 | AFFIDAVIT OF SERVICE | | | | | | | | ADVANCED PRACTICE 12-1-2014 |
| 02-03-2015 | ANSWER TO COMPLAINT (JEANETTE GOSS) | | | | | | | | PROCARE THERAPY 12-1-2014 |
| 02-04-2015 | SEPARATE DEFENDANT JENNIE JEANETTE GOSS HASSAN'S ANSWER TO COMPLAINT FOR THE PERIOD ON OR AFTER SEPTEMBER 1, 2013 | | | | | | | | SOUTHERN ADMIN 12-1-2014 |
| 06-23-2015 | CLASS ACTION COMPLAINT AND FIRST AMENDED COMPLAINT | | | | | | | | |
| 08-28-2015 | FIRST AMENDED CLASS ACTION COMPLAINT AGAINST THE DIVERSICARE DEFENDANTS AND AMENDED INDIVIDUAL COMPLAINT OF ADDIE EDWARDS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF OZIE EDWARDS, AGAINST THE PONTHIE DEFENDANTS AND OMEGA HEALTHCARE INVESTORS, INC. | | | | | | | | |
| 08-28-2015 | MOTION TO SEVER THE CLAIMS OF ADDIE EDWARDS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF OZIE EDWARDS, AGAINST THE PONTHIE DEFENDANTS AND OMEGA HEALTHCARE INVESTORS, INC. | | | | | | | | |

**EXHIBIT**

1

ADDIE EDWARDS, ET AL

vs.    No. CV-2014-203-6

DIVERSICARE LEASING CORP D/B/A OUACHITA NURSING AND REHABILITATION CENTER, ET AL

| Date of Orders | ORDERS OF COURT | BOOK | |
|---|---|---|---|
| | | Vol. | Page |
| 09-17-2015 | SEPARATE DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT | | |
| 09-18-2015 | SEPARATE DEFENDANT JENNIE JEANETTE GOSS HASSON'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT | | |
| 03-28-2016 | ENTRY OF APPEARANCE - JOHN V. O'GRADY | | |
| 10-17-2016 | JURY TRIAL SET FOR MAY 1 - 5, 2017 @ 9:00 A.M.   SECOND OUT  OUACHITA COUNTY COURTROOM B | | |
| 11-28-2016 | ENTRY OF APPEARANCE - KUTAK ROCK | | |
| 1-13-2017 | AGREED ORDER OF DISMISSAL WITH PREJUDICE | | |
| 2-3-2017 | Motion for Continuance | | |
| 3-14-17 | ORDER OF CONTINUANCE | | |
| 6-6-17 | Plaintiffs Motion to Compel Discovery and Incorporated Brief in Support | | |
| 6-3017 | Separate Defendants' Response to Plaintiffs' Motion to Compel | | |
| 7-12-17 | Plaintiffs' Reply to Separate Defendants' Response to Plaintiffs' Motion to Compel Discovery | | |

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
## _6_ DIVISION

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                               PLAINTIFFS

vs.                                CASE NO. _CV-2014-203-6_



Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                               DEFENDANTS

### COMPLAINT

COMES NOW, the Plaintiff, Addie Edwards, as Representative of the Estate of Ozie

Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards, by and through her

attorneys, Reddick Moss, PLLC and Rainwater, Holt & Sexton, and for her causes of action

against the Defendants, states as follows:

### JURISDICTIONAL STATEMENT

1.      Addie Edwards is the Personal Representative of the Estate of Ozie Edwards as

shown by the October 20, 2014 Order Appointing Personal Representative which is attached

hereto as **Exhibit A**, and brings this action on behalf of Ozie Edwards.

2.      Addie Edwards is Ozie Edwards's wife.

3.     Other than hospitalizations, Ozie Edwards was a resident of Ouachita Nursing Rehab Center, (sometimes referred to as "facility"), a nursing home located at 1411 Country Club Road, Camden, Ouachita County, Arkansas, from approximately November 24, 2012 until November 12, 2013. Mr. Edwards died on November 12, 2013.

4.     Defendant Diversicare Leasing Corp. d/b/a Ouachita Nursing and Rehabilitation Center is a foreign corporation that owned, operated, managed, and held the license for the nursing home located at 1411 Country Club Road, Camden, Ouachita County, Arkansas known as Ouachita Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by Defendant Diversicare Leasing Corp. d/b/a Ouachita Nursing and Rehabilitation Center in the ownership, operation, management, licensing and/or control of the facility during the residency of Ozie Edwards. The agent for service of process for Defendant Diversicare Leasing Corp. is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Springs Street, Little Rock, Arkansas 72201, or any officer thereof.

5.     Defendant Diversicare Healthcare Services, Inc. is a foreign corporation and did business in the State of Arkansas by operating, managing and/or providing services for Ouachita Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by Diversicare Healthcare Services, Inc. in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process for Diversicare Healthcare Services, Inc. is Robert E. Rice, 1621 Galleria Boulevard, Brentwood, Tennessee 37027.

6.     Defendant Diversicare Management Services Co. is a foreign corporation and was authorized to do business and did business in the State of Arkansas by operating, managing, owning and providing services for Ouachita Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by Diversicare

2

Management Services Co. in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process for Diversicare Management Services Co. is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Springs Street, Little Rock, Arkansas 72201, or any officer thereof.

7.     Defendant Advocat Ancillary Services, Inc. is a foreign corporation and was authorized to do business and did business in the State of Arkansas by operating, managing, and providing services for Ouachita Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by Advocat Ancillary Services, Inc. in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process for Advocat Ancillary Services, Inc. is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Springs Street, Little Rock, Arkansas 72201, or any officer thereof.

8.     Defendant Omega Healthcare Investors, Inc. is a foreign corporation that was engaging in business in the State of Arkansas and owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Omega Healthcare Investors, Inc. in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Omega Healthcare Investors, Inc. is Corporation Service Company, 300 S. Spring Street, 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

9.     Upon information and belief, on or about September 1, 2013, Defendant Omega Healthcare Investors, Inc. completed the transition in the operation of Ouachita Nursing and Rehabilitation Center from the above referenced Defendants to new ownership and operating entities. Defendant Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center

3

is a domestic limited liability company that, since September 1, 2013, owned, operated, managed, and held the license for the nursing home located 1411 Country Club Road, Camden, Ouachita County, Arkansas known as Ouachita Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by Defendant Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center in the ownership, operation, management, licensing and/or control of the facility during the residency of Ozie Edwards. The agent for service of process for Defendant Camden Operations, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

10.    Defendant JEJ Investments, LLC is a domestic limited liability company that owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by JEJ Investments, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on JEJ Investments, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

11.    Defendant Sub-Ten Holdings, LLC is a domestic limited liability company that owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Sub-Ten Holdings, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Sub-Ten Holdings, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

12.    MasterTen, LLC is a domestic limited liability company that owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at

4

times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by MasterTen, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on MasterTen, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

13.    Defendant Advanced Practice Solutions, LLC is a domestic limited liability company that owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Advanced Practice Solutions, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Advanced Practice Solutions, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

14.    Defendant Procare Therapy Services, LLC is a domestic limited liability company that owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Procare Therapy Services, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Procare Therapy Services, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

15.    Defendant Southern Administrative Services, LLC is a domestic limited liability company that was engaging in business in the State of Arkansas and owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such

5

business conducted by Southern Administrative Services, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Southern Administrative Services, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

16.     Defendant Ponthie Holdings, LLC is a domestic limited liability company that was engaging in business in the State of Arkansas and owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Ponthie Holdings, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Ponthie Holdings, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

17.     Defendant Professional Nursing Solutions, LLC is a domestic limited liability company that was engaging in business in the State of Arkansas and owned, operated, controlled, managed, and/or provided services to Ouachita Nursing and Rehabilitation Center at times pertinent to this lawsuit. The causes of action made the basis of this suit arise out of such business conducted by Professional Nursing Solutions, LLC in the ownership, operation, control, management, and provision of services for the facility during the residency of Ozie Edwards. The agent for service of process on Professional Nursing Solutions, LLC is Amy M. Wilbourn, 4375 N. Vantage Drive, Suite 405, Fayetteville, Arkansas 72703.

18.     Defendant John Ponthie is a citizen and resident of Shreveport, Louisiana. At certain times material to this action, John Ponthie was an owner and the Incorporator/Organizer of the licensee Defendant Camden Operations, LLC. Upon information and belief, John Ponthie is an owner and/or member of separate Defendants JEJ Investments, LLC, Sub-Ten Holdings,

6

LLC, MasterTen, LLC, Advanced Practice Solutions, LLC, Omega Healthcare Investors, Inc., Procare Therapy Services, LLC, Southern Administrative Services, LLC, Ponthie Holdings. LLC, and Professional Nursing Solutions, LLC. John Ponthie was a control person as defined in Ark. Code Ann. § 4-88-113(d)(1) and is therefore jointly and severally liable for the Plaintiff's damages. John Ponthie's systematic and continuous contacts with the operations of Ouachita Nursing and Rehabilitation Center, specifically, and the State of Arkansas, generally, render him subject to the personal jurisdiction of this Court pursuant to Ark. Code Ann. § 16-4-101(B).

19.     Defendant Ross Ponthie is a citizen and resident of Alexandria, Louisiana. At certain times material to this action, Ross Ponthie was an owner of the licensee Defendant Camden Operations, LLC. Upon information and belief, Ross Ponthie is an owner and/or member of separate Defendants Sub-Ten Holdings, LLC, MasterTen, LLC, Advanced Practice Solutions, LLC, Omega Healthcare Investors, Inc., Procare Therapy Services, LLC, Southern Administrative Services, LLC, Ponthie Holdings, LLC, and Professional Nursing Solutions, LLC. Ross Ponthie was a control person as defined in Ark. Code Ann. § 4-88-113(d)(1) and is therefore jointly and severally liable for the Plaintiff's damages. Ross Ponthie's systematic and continuous contacts with the operations of Ouachita Nursing and Rehabilitation Center, specifically, and the State of Arkansas, generally, render him subject to the personal jurisdiction of this Court pursuant to Ark. Code Ann. § 16-4-101(B).

20.     Defendant Mark Thompson is a citizen and resident of Alexandria, Louisiana. At certain times material to this action, Mark Thompson was an owner of the licensee Defendant Camden Operations, LLC. Upon information and belief, Mark Thompson is an owner and/or member of separate Defendants Sub-Ten Holdings, LLC, MasterTen, LLC, Advanced Practice Solutions, LLC, Omega Healthcare Investors, Inc., Procare Therapy Services, LLC, Southern Administrative Services, LLC, Ponthie Holdings, LLC, and Professional Nursing Solutions,

LLC. Mark Thompson was a control person as defined in Ark. Code Ann. § 4-88-113(d)(1) and is therefore jointly and severally liable for the Plaintiff's damages. Mark Thompson's systematic and continuous contacts with the operations of Ouachita Nursing and Rehabilitation Center, specifically, and the State of Arkansas, generally, render him subject to the personal jurisdiction of this Court pursuant to Ark. Code Ann. § 16-4-101(B).

21.     Upon information and belief, Defendant Jennie Jeanette Goss Hassan was the Administrator of Ouachita Nursing and Rehabilitation Center during the residency of Ozie Edwards. The causes of action made the basis of this suit arise out of Ms. Goss Hassan's administration of Ouachita Nursing and Rehabilitation Center during the residency of Mr. Edwards. Defendant Jennie Jeanette Goss Hassan may be served with process at her last known address: 4381 Highway 7, Bismark, Arkansas 71929.

22.     Whenever the term "Nursing Home Defendants" is used throughout this Complaint, that term collectively refers to and includes the following Defendants: Diversicare Leasing Corp. d/b/a Ouachita Nursing and Rehabilitation Center; Diversicare Healthcare Services, Inc.; Diversicare Management Services Co.; Advocat Ancillary Services, LLC; Omega Healthcare Investors, Inc.; Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen, LLC; Advanced Practice Solutions, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; and Mark Thompson.

23.     Whenever the term "Administrator Defendant" is used throughout this Complaint that term refers to Defendant Jennie Jeanette Goss Hassan.

24.     Whenever the term "Defendants" is used throughout this Complaint, that term collectively refers to and includes all named Defendants.

8

25.   Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

26.   Other than hospitalizations, Ozie Edwards was a resident of Ouachita Nursing and Rehabilitation Center from approximately November 24, 2012 until November 12, 2013. Mr. Edwards died on November 12, 2013.

27.   Defendants were aware of Mr. Edwards's medical condition and the care he required when they represented that they could adequately care for his needs.

28.   In an effort to ensure that Ozie Edwards and other residents whose care was partially funded by the government were placed at Ouachita Nursing and Rehabilitation Center, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

      a)   Skilled in the performance of nursing, rehabilitative and other medical support services;

      b)   Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;

      c)   Able to specifically meet the total nursing home, medical and physical therapy needs of Ozie Edwards and other residents like him; and

      d)   Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

29.   Defendants were on notice and aware of problems with resident care at Ouachita Nursing and Rehabilitation Center based upon surveys conducted at the facility by the Office of Long Term Care prior to and during the residency of Ozie Edwards. For example, in a June 21, 2013 survey, Ouachita Nursing and Rehabilitation Center was cited for failing to "provide care qualified persons according to each resident's written plan of care. (actual harm)" In surveys conducted on April 5, 2013 and June 21, 2013, the facility was cited for numerous deficiencies relevant to the injuries suffered by Ozie Edwards including:

      a.   Failure to make sure the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents; and

  b.  Failure to have a program that investigates, controls and keeps infection from spreading.

  c.  Failure to provide care for residents in a way that keeps or builds each resident's dignity and respect of individuality; and

  d.  Failure to assist those residents who need total help with eating/drinking, grooming and personal and oral hygiene.

  30.  Under state and federal law, the governing body of a nursing home is composed of individuals or a group in whom the ultimate authority and legal responsibility is vested for conduct of the nursing home. *See* Ark. Office of Long Term Care R. & Regs. § 100. All long-term care facilities must have a governing body, or designated persons functioning as a governing body, that is legally responsible for establishing and implementing policies regarding the management and operation of the facility. *See* 42 C.F.R. § 483.75(d)(1). The governing body has a legal duty to adopt effective patient care policies, administrative policies and by-laws governing the operation of the facility in accordance with legal requirements of state and federal law. *See* Ark. Office of Long Term Care R. & Regs. § 301.1. Upon information and belief, Jennie Jeanette Goss Hassan was a member of the governing body of Ouachita Nursing and Rehabilitation Center and was legally responsible for establishing and implementing policies regarding management and operation of the facility and for retaining the services of a qualified administrator, in whom the ultimate authority and legal responsibility was vested for patient care in the nursing home.

  31.  Defendants failed to discharge their obligations of care to Ozie Edwards with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Mr. Edwards, as more fully set forth below. Defendants knew that their facility could not provide the minimum

standard of care to the weak and vulnerable residents of Ouachita Nursing and Rehabilitation Center. The severity of the recurrent negligence inflicted upon Mr. Edwards while a resident of the facility accelerated the deterioration of his health and physical condition and resulted in physical and emotional injuries. While a resident at Ouachita Nursing and Rehabilitation Center, Ozie Edwards sustained multiple injuries including, but not limited to, the following:

a) Malnutrition;

b) Dehydration;

c) Multiple infections;

d) Poor hygiene;

e) Multiple falls with injury;

f) Skin tears and lacerations from fall;

g) Broken hip resulting from fall; and

h) Death.

32. The injuries sustained by Ozie Edwards, as well as the conduct specified below, caused him to lose his personal dignity and to suffer extreme and unnecessary pain, anguish, and emotional trauma.

33. Defendants controlled the operation, planning, management and quality control of Ouachita Nursing and Rehabilitation Center. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by Ouachita Nursing and Rehabilitation Center, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

11

34.     Defendants operated and managed Ouachita Nursing and Rehabilitation Center so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants knowingly and/or with reckless di regard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high nurse/resident ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. These acts of malfeasance directly caused injury to Ozie Edwards and other residents of Ouachita Nursing and Rehabilitation Center and were known to Defendants.

35.     The acts and omissions of Defendants were motivated by a desire to increase the profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury.

36.     Plaintiff alleges that, during Ozie Edwards residency at Ouachita Nursing and Rehabilitation Center, Mr. Edwards was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of the Defendants.

37.     Defendants were vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing or contributing to the injuries of Ozie Edwards.

## CAUSES OF ACTION AGAINST THE NURSING HOME DEFENDANTS

### COUNT ONE: NEGLIGENCE

38.     Plaintiff incorporates the allegations contained in Paragraphs 1 – 37 as if fully set forth herein.

39.     The Nursing Home Defendants owed a non-delegable duty to residents, including Ozie Edwards, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

40.     The Nursing Home Defendants owed a non-delegable duty to their residents, including Ozie Edwards, to exercise reasonable care in providing care and services in a safe and beneficial manner.

41.     The Nursing Home Defendants owed a non-delegable duty to their residents, including Ozie Edwards, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

42.     The Nursing Home Defendants owed a non-delegable duty to residents, including Ozie Edwards, to use reasonable care in treating their residents with the degree of skill and learning ordinarily possessed and used by nursing home facilities in the same or similar locality.

43.     The Nursing Home Defendants owed a non-delegable duty to assist all residents, including Ozie Edwards, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

44.     The Nursing Home Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the mistreatment, abuse and neglect of Ozie Edwards. The negligence of Defendants includes, but is not limited to, the following acts and omissions:

        a)     The failure to follow physician orders to ensure that residents were free of significant medication errors;

        b)     The failure to ensure that Mr. Edwards attained and maintained his highest level of physical, mental, and psychosocial well-being;

c)   The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Mr. Edwards;

d)   The failure to increase the number of nursing personnel to ensure that Ozie Edwards received timely and accurate care assessments, and proper treatment, medication and diet;

e)   The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Mr. Edwards throughout his residency;

f)   The failure to increase the number of nursing personnel at the facility to ensure that Ozie Edwards:
   1)   Received timely and accurate care assessments;
   2)   Received proper treatment, medication, and diet; and
   3)   Was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

g)   The failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at the facility;

h)   The creation of and/or the failure or refusal to identify and correct the injuries, conditions, and circumstances described in paragraph 31 and exhibited by Mr. Edwards;

i)   The failure to terminate employees at the facility assigned to Mr. Edwards who were known to be careless, incompetent and unwilling to comply with the policies and procedures of the facility and the rules and regulations promulgated by the Arkansas Department of Human Services and the Office of Long Term Care;

j)   The failure to assign nursing personnel at the facility duties consistent with their education and experience based on:
   1)   Ozie Edwards's medical history and condition, nursing and rehabilitative needs;
   2)   The characteristics of the resident population residing in the area of the facility where Ozie Edwards was a resident; and,
   3)   The nursing skills needed to provide care to such resident population.

k)   The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by (1) ensuring that the rules and regulations designed to protect the health and safety of residents, such as Ozie Edwards, as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis and (2) ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

l)   The failure to adopt adequate guidelines, policies, and procedures of the facility for documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of the facility, an employee of the facility or any interested person;

m)   The failure to maintain medical records on Ozie Edwards in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible and systematically organized with respect to diagnosis, treatment and assessment and establishment of appropriate care plans of care and treatment; and

n)   The failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of residents.

45.   A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Ozie Edwards.

46.   The Nursing Home Defendants further breached their duty of care to Ozie Edwards by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrences discussed herein including, but not limited to, the following:

a)   By failing to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, *et seq.*) and published in the Long Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards imposed by the United States Department of Health and Human Services;

b)   By failing to provide the necessary care and services to attain or maintain the highest practicable, physical, mental and psychosocial well-being of

15

Ozie Edwards in accordance with the comprehensive assessment and plan of care;

c)   By failing to ensure a nursing care plan based on Ozie Edwards's problems and needs was established that contained measurable objectives and timetables to meet his medical, nursing, and mental and psychosocial needs as identified in his comprehensive assessment;

d)   By failing to review and revise Ozie Edwards's nursing care plan when his needs changed;

e)   By failing to treat Ozie Edwards courteously, fairly and with the fullest measure of dignity;

f)   By failing to provide sufficient nursing staff and nursing personnel to ensure that Ozie Edwards attained and maintained his highest practicable physical, mental and psychosocial well-being;

g)   By failing to provide a safe environment;

h)   By failing to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident; and

i)   By criminally abusing and neglecting Ozie Edwards and by failing to report that abuse in violation of the Adult and Long-Term Care Facility Resident Maltreatment Act, Ark. Code Ann. §§ 12-12-1701 *et seq.*

47.   The Nursing Home Defendants were further negligent by infringing upon and depriving Ozie Edwards of the rights guaranteed by Ark. Code Ann. §§ 20-10-1201 *et seq.* including, but not limited to, the following:

a)   The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Ozie Edwards, with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

1)   The right to receive adequate and appropriate custodial service, defined as care for Ozie Edwards which entailed observation of diet and sleeping habits and maintenance of a watchfulness over his general health, safety, and well-being; and

16

2)     The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Mr. Edwards or his designee or legal representative, which included a comprehensive assessment of the needs of Mr. Edwards, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b)     The right to regular, consultative, and emergency services of physicians;

c)     The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d)     The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Mr. Edwards, and not directly furnished by the licensee;

e)     The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)     The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)     The right to be free from mental and physical abuse, and from physical and chemical restraints;

h)     The right of Mr. Edwards to have privacy of his body in treatment and in caring for his personal needs;

i)     The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)     The right to participate in social, religious, and community activities;

k)     The right to the obligation of the facility to keep full records of the admissions and discharges of Mr. Edwards and his medical and general health status, including:

     1)     medical records;

     2)     personal and social history;

3)    individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

4)    making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)    The right to be treated courteously, fairly, and with the fullest measure of dignity.

48.    A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Nursing Home Defendants was a proximate cause of Ozie Edwards's injuries as more specifically described herein. Mr. Edwards suffered personal injury including extreme pain and suffering, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and emotional distress.

49.    As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, emotional distress and loss of life in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO: MEDICAL MALPRACTICE

50.    Plaintiff incorporates the allegations contained in Paragraphs 1 – 49 as if fully set forth herein.

51.    The Nursing Home Defendants are either medical care providers as defined by Ark. Code Ann. § 16-114-201(2) and/or liable for medical care providers as defined by Ark.

18

Code Ann. § 16-114-201(2).

52.     The Nursing Home Defendants owed a non-delegable duty to residents, including Ozie Edwards, to use reasonable care in treating their residents with the degree of skill and learning ordinarily possessed and used by nursing home facilities in the same or similar locality.

53.     The Nursing Home Defendants owed a non-delegable duty to assist all residents, including Ozie Edwards, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

54.     The Nursing Home Defendants failed to meet the applicable standards of care and violated their duty of care to Ozie Edwards through mistreatment, abuse and neglect. The Nursing Home Defendants failed to adequately supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Ozie Edwards the requisite care, and as a result, negligent acts occurred as set forth herein. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

      a)    The failure to ensure that Ozie Edwards received the following:

            1)    Timely and accurate care assessments;
            2)    Proper treatment, medication and diet;
            3)    Necessary supervision; and
            4)    Timely nursing and medical intervention due to a significant change in condition.

      b)    The failure to provide, implement, and ensure adequate nursing care plan revisions and modifications as the needs of Ozie Edwards changed;

      c)    The failure to provide, implement and ensure that an adequate nursing care plan for Ozie Edwards was followed by nursing personnel;

      d)    The failure to provide Ozie Edwards with adequate and appropriate nursing care, treatments, and medications;

      e)    The failure to ensure that Ozie Edwards was assessed in order to receive adequate and proper nutrition, fluids, and therapeutic diet;

      f)    The failure to provide adequate care and treatment to Ozie Edwards; and

g) The failure to adequately and appropriately monitor Ozie Edwards and recognize significant changes in her health status.

55. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Nursing Home Defendants was a proximate cause of Ozie Edwards's injuries, which were foreseeable. Mr. Edwards suffered personal injury, including excruciating pain and suffering, mental anguish and emotional distress, which caused his family to suffer more than normal grief upon his death. Plaintiff prays for compensatory damages against the Defendants for the wrongful death of Ozie Edwards including the grief suffered as well as the expenses of the funeral and other related costs.

56. The Nursing Home Defendants were negligent and reckless in breaching the duties owed to Ozie Edwards under the Medical Malpractice Act for the reasons specifically enumerated in this Complaint.

57. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Ozie Edwards suffered injuries as described herein. Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Nursing Home Defendants, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, emotional distress and loss of life in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE: BREACH OF THE ADMISSION AGREEMENT

58. Plaintiff incorporates the allegations contained in paragraphs 1–57 as if fully set forth herein.

59.     Before being admitted to Ouachita Nursing and Rehabilitation Center, Ozie Edwards was required to enter into a Resident Admission Agreement, whereby the facility agreed to provide nursing and custodial care, necessary goods, services, and or treatment to Mr. Edwards in exchange for valuable consideration.

60.     Ozie Edwards, or those acting on his behalf, did what the Agreement for Care required of him in that valuable consideration was paid for the goods, services, care and treatment, including personal or custodial care, and professional nursing care the Nursing Home Defendants promised to provide.

61.     The Nursing Home Defendants breached their contractual duties by failing to provide the care and services as described in the agreement, causing damage to Ozie Edwards.

62.     As a result, the Plaintiff is entitled to compensatory damages and consequential damages.

63.     Plaintiff is entitled to seek punitive damages for breach of contract, because the Nursing Home Defendants knew or ought to have known, in the light of the surrounding circumstances, that their nonfeasance in breach of the admissions agreement would naturally and probably result in injury or damage, yet the Nursing Home Defendants breached the agreement in reckless disregard of the consequences from which malice may be inferred.

64.     Plaintiff, for good cause, is unable to attach a copy of the actual admissions agreement upon which this claim is based, because it is in the possession of the Nursing Home Defendants.

## COUNT FOUR: BREACH OF THE PROVIDER AGREEMENT

65.     Plaintiff incorporates the allegations contained in paragraphs 1-61 as if fully set forth herein.

66.     Upon becoming a resident of Ouachita Nursing and Rehabilitation Center, Mr. Edwards, as a Medicare and/or Medicaid recipient, became a third-party beneficiary of the contract or provider agreement between the Nursing Home Defendants and the state and federal governments, an example of which is attached as **Exhibit B**.

67.     For consideration duly paid by Mr. Edwards, or on his behalf, the Nursing Home Defendants agreed to provide residents with personal and custodial care and professional nursing care in compliance with the requirements set forth in the provider agreements, as well as the minimum standards of care imposed by applicable law including the statutes and regulations set out herein. In addition, by entering into the agreement, the Nursing Home Defendants promised to "comply with all rules, regulations, changes in and additions thereto issued by the United States Department of Health and Human Services pertaining to nursing homes, and to comply with all rules, regulations, duly promulgated changes in and additions thereto issued by the State." The Nursing Home Defendants further agreed that "the rights and privileges of the residents [were] of primary concern to the parties" and covenanted to "protect and preserve" the rights of the residents. The parties to the contract agreed "that failure to act in a manner consistent with those rights and privileges shall constitute an immediate breach of agreement."

68.     As the name implies, the provider agreement exists to pay for and provide for resident, personal, or custodial care and professional nursing care. The provider agreements between the Nursing Home Defendants and the state and federal government were clearly intended to benefit the residents of Ouachita Nursing and Rehabilitation Center, including Ozie Edwards.

69.     The Nursing Home Defendants breached the provider agreement and committed multiple acts of nonfeasance in failing to provide the care, goods, and services to industry standards, as required by law and as agreed, including but not limited to:

22

a) Nonfeasance in failing to provide, as promised, the care and services for Mr. Edwards to attain or maintain his highest practicable physical, mental, and psychosocial well-being, in accordance with a comprehensive assessment and plan of care;

b) Nonfeasance in failing to provide, as promised, dietary services, including special diets, supplemental feedings, special delivery preparation, assistance, and equipment required for preparing and dispensing oral feedings and special feeding devices;

c) Nonfeasance in failing to provide, as promised, personal or custodial services and nursing care;

d) Nonfeasance in failing, as promised, to implement policies and procedures so as to prevent infringement or deprivation of Mr. Edwards's rights as a resident of a long term care facility;

e) Nonfeasance in failing to provide, as promised, assistance to Mr. Edwards in developing and carrying out a plan of care;

f) Nonfeasance in failing to comply, as promised, with protections, duties and obligations imposed by applicable state and federal statutes and regulations as alleged herein; and

g) Nonfeasance in failing to staff Ouachita Nursing and Rehabilitation Center with sufficient personnel to adequately meet the needs of Mr. Edwards, failing to comply with the rules and regulations promulgated by the state and federal governments, and in failing to provide staff qualified to meet the needs of the residents.

70.     As a result of the Nursing Home Defendants' breach of the provider agreement, Plaintiff asserts a claim for judgment for all compensatory damages including the amount a jury determines is sufficient compensation for the loss of the benefit of promised services and care and treatment, in an amount that exceeds that required for federal court jurisdiction in diversity of citizenship cases.

71.     The Nursing Home Defendants are also liable for all consequential damages, because the Nursing Home Defendants knew, or should have known, that breaches of the provider agreement would result in consequential damages to Ozie Edwards, and, under the circumstances, the Nursing Home Defendants should have understood that it had agreed to

23

assume responsibility for any consequential damages caused by their breaches of the provider agreement.

72.     Plaintiff seeks judgment for all foreseeable consequential damages, which flowed naturally from the failure of the Nursing Home Defendants to provide the care, goods, and services promised under the provider agreement, including but not limited to medical expenses, pain and suffering, and mental anguish.

73.     Plaintiff is entitled to seek punitive damages for breach of contract, because the Nursing Home Defendants knew or ought to have known, in the light of the surrounding circumstances, that their nonfeasance in breach of the provider agreement would naturally and probably result in injury or damage, yet the Nursing Home Defendants breached the agreement in reckless disregard of the consequences from which malice may be inferred.

74.     Plaintiff, for good cause, is unable to attach a copy of the actual provider agreement upon which this claim is based, because it is in the possession of the Nursing Home Defendants.

## COUNT FIVE: DECEPTIVE TRADE PRACTICES

75.     Plaintiff incorporates the allegations contained in Paragraphs 1–74 as if fully set forth herein.

76.     At all times pertinent to this cause of action, Ozie Edwards was an "elder person" as defined by the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-201(a). As an "elder person" within the meaning of the Deceptive Trade Practices Act, the Plaintiffs have a private cause of action to recover actual damages, punitive damages, and reasonable attorney's fees pursuant to Ark. Code Ann. § 4-88-204.

77.     At all relevant times, the Arkansas Deceptive Trade Practices Act, codified at Ark. Code Ann. § 4-88-107(a) provides that it is unlawful to:

a. Knowingly take advantage of a consumer who is reasonably unable to protect his or her interest because of:

   i.   Physical infirmity; or

   ii.  A similar factor; and

b. Engage in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade.

78.   Ark. Code Ann. § 4-88-108 provides that, when utilized in connection with the sale or advertisement of any goods, services, or charitable solicitation, it shall be unlawful for any person to (1) act, use or employ any deception, fraud or false pretense, or (2) conceal, suppress, or omit any material fact with intent that others rely on the concealment, suppression, or omission.

79.   The conduct of the Nursing Home Defendants, as described herein, constitutes a deceptive practice in violation of the Deceptive Trade Practices Act. The Nursing Home Defendants violated the Protection of Long Term Care Facilities Residents' Act and federal law, which is a per se violation of the Deceptive Trade Practices Act. The Nursing Home Defendants also failed to inform Plaintiffs in the Nursing Home Defendants' standard admission agreement that the facility routinely does not meet minimum staffing requirements imposed by state and federal law.

80.   The Nursing Home Defendants engaged in an unconscionable, false, and/or deceptive act or practice in business, commerce and/or trade by marketing themselves and holding themselves out to the public and Ozie Edwards as being able to meet the needs of elder residents of Ouachita Nursing and Rehabilitation Center. The Nursing Home Defendants profited greatly as a result of their deceptive trade practices, but the Nursing Home Defendants were

aware that Ouachita Nursing and Rehabilitation Center could not meet the needs of its residents, including Ozie Edwards.

81.     As a direct and proximate result of the Nursing Home Defendants' wrongful conduct, Plaintiff has suffered actual damages.

## CAUSES OF ACTION AGAINST THE ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

82.     Plaintiff incorporates the allegations contained in Paragraphs 1–81 as if fully set forth herein.

83.     Upon information and belief, Jennie Jeanette Goss Hassan was the Administrator at Ouachita Nursing and Rehabilitation Center during the residency of Ozie Edwards.

84.     As administrator of Ouachita Nursing and Rehabilitation Center, Jennie Jeanette Goss Hassan was responsible for ensuring that the facility complied with all state and federal regulations related to nursing facilities. Ms. Goss Hassan had a duty to administer the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations, and codes, and with accepted professional standards and principles that apply to professionals providing services in such facilities. In addition, as a member of the facility's governing body, Ms. Goss Hassan had a duty to promulgate and implement policies and procedures for the operation and management of Ouachita Nursing and Rehabilitation Center. Defendant Jennie Jeanette Goss Hassan breached the duty of care she owed to Ozie Edwards.

### NEGLIGENCE

26

85.     Plaintiff incorporates the allegations contained in Paragraphs 1–84 as if fully set forth herein.

86.     Jennie Jeanette Goss Hassan owed a duty to the residents, including Ozie Edwards, to provide services as a reasonable administrator within accepted standards for a nursing home administrator.

87.     The Administrator Defendant breached the duties owed to the residents of Ouachita Nursing and Rehabilitation Center, including Ozie Edwards, by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Ozie Edwards the care he required. The negligence of the Administrator Defendant includes, but is not limited to, the following acts and omissions:

a)     Failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure that Ozie Edwards received appropriate nursing care;

b)     Failure to ensure that Ozie Edwards was provided with basic and necessary care and supervision;

c)     Failure to adequately hire, train, supervise, and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Ozie Edwards received care, treatment, and services in accordance with state and federal law;

d)     Failure to assign nursing personnel at Ouachita Nursing and Rehabilitation Center duties consistent with their education and experience based on:
1)     Ozie Edwards's medical history and condition, nursing, and rehabilitative needs;
2)     The characteristics of the resident population residing in the area of the facility where Ozie Edwards was a resident; and
3)     Nursing skills needed to provide care to such resident population;

e)     The failure to provide sufficient numbers of qualified personnel to ensure that Ozie Edwards was provided with a safe environment and was protected from abuse and mistreatment by the correct use of reasonable safety measures;

f)     The failure to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents;

g)    The failure to protect Ozie Edwards from abuse and neglect; and

h)    The failure to provide adequate supervision to the nursing staff so as to ensure that Ozie Edwards received adequate and proper care.

88.    A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Ozie Edwards.

89.    As a direct and proximate result of the Administrator Defendant's negligent conduct, Plaintiff asserts a claim for judgment for all compensatory damages against the Administrator Defendant, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, emotional distress and loss of life in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST OMEGA HEALTHCARE INVESTORS, INC.

### FACTUAL ALLEGATIONS

90.    Plaintiff incorporates the allegations contained in Paragraphs 1-89 as if fully set forth herein.

91.    Each of the Nursing Home Defendants operated Ouachita Nursing and Rehabilitation Center as a single joint venture or joint for-profit enterprise.

92.    Upon information and belief, separate Defendant Omega Healthcare Investors, Inc. owns the real property upon which Ouachita Nursing and Rehabilitation Center sits and leased it to both Diversicare Leasing Corp. and Camden Operations, LLC pursuant to a Master Lease Agreement or some other similar agreement. However, Omega Healthcare Investors is

more than a mere landlord. Under these Master Leases, signed by the Diversicare and Ponthie entities, the facility pays additional or supplemental rent to Omega Healthcare Investors based on a percentage of gross revenues for the facility, meaning any revenue derived from any use of the facility. Upon information and belief, the facility is responsible for payment of all taxes, utilities, and other costs and expenses of the Business. The facility promised to continue operating as a nursing home business and that it shall comply in all material respects with all licensing and other laws. Under the Master Leases, the facility is responsible and represents to Omega Healthcare Investors that the facility is fully certified to participate in Medicare and Medicaid. Omega Healthcare Investors obtained a promise from the facility that it would preserve the business. It is believed that Omega Healthcare Investors hires third party consultants to inspect the facility to prepare physical inspection reports with respect to the general condition of the Premises. The parties to the master leases agreed to pay funds into an escrow account paid monthly by the facility and held by Omega Healthcare Investors to finance future maintenance and upgrades for the facility, meaning that Omega Healthcare Investors controlled funds for the payment of their common business expenses. Alterations and renovations of the facility above a certain dollar amount must be approved in advance in writing by Omega Healthcare Investors. Upon information and belief, Omega Healthcare Investors took a lien on all personal property of the facility, tangible or intangible, including the licenses necessary to operate the facility, Medicare and Medicaid accounts and/or bed licenses, contract rights, and the right to use the name Ouachita Nursing and Rehabilitation Center.

93.     Upon information and belief, the facility further promised to provide Omega Healthcare Investors with monthly, quarterly, and annual financial reports, including a balance sheet, an income statement showing gross revenue, total patient days, occupancy rates, and the payor mix. Under the Master Leases, the facility was required to provide Omega Healthcare

Investors with copies of all inspection surveys conducted and produced by the Arkansas Office of Long-Term-Care and any other state or federal licensing agency along with reports of any regulatory violations. Omega Healthcare Investors has a right under the Master Leases to enter the premises for inspection of its property and the books and other financial records of either the Diversicare and/or Ponthie entities. Omega Healthcare Investors in addition has the right to elect to assume the responsibilities and obligations for the management and operation of the Business upon termination of the Master Leases.

94.      Although they label their agreements a "Master Lease," the parties' relationship Omega Healthcare Investors is truly one of joint venturers or a partnership, a relationship evidenced by (1) the division of the business' profits, (2) control by Omega Healthcare Investors of funds used to further the business, (3) the cooperation in the ongoing business of the nursing home and carrying on the business of the nursing home, (4) Omega Healthcare Investors' rights to review the facility's budget and internal financial information and access to inspect the facility, (5) Omega Healthcare Investors ongoing monitoring of the business, including regulatory violations and state surveys of the facility, and (6) the retention of the right to step in and take over day to day management and operation of the facility. The Defendants agreed to work in concert with each other, pooling resources and advancing their common interests in increasing the profitability of Ouachita Nursing and Rehabilitation Center. The Defendants are therefore joint venturers.

## NEGLIGENCE

95.      Plaintiff incorporates the allegations contained in Paragraphs 1–94 as if fully set forth herein.

96.      By agreeing to monitor the care and treatment of residents, the facility's regulatory violations, the facility's budget and financial condition, Omega Healthcare Investors

assumed a duty to ensure the residents of Ouachita Nursing and Rehabilitation Center received the care, treatment and services provided. Omega Healthcare Investors in addition assumed a duty to ensure Diversicare Leasing Corp. and Camden Operations, LLC and the remainder of the entities that make up Ouachita Nursing and Rehabilitation Center operated, managed, and controlled the facility in a safe manner designed to provide each resident with the care and treatment needed. By agreeing to monitor the facility's budgets, the facility's regulatory violations, surveys, and financial statements, Omega Healthcare Investors in addition assumed a duty to ensure that the facility had staff sufficient to meet the needs of its residents leading to injury. All of which have a direct effect on patient care.

97.     In addition to the duty to the residents of Ouachita Nursing and Rehabilitation Center such as Ozie Edwards described above, Omega Healthcare Investors took on the additional duty of identifying new operating entities to assume the master lease for Ouachita Nursing and Rehabilitation Center. The transfer of the operations of Ouachita Nursing and Rehabilitation from the Diversicare Defendants (Diversicare Leasing Corp.; Diversicare Healthcare Services, Inc.; Diversicare Management Services Co.; and Advocat Ancillary Services, LLC) to the Ponthie Defendants (Camden Operations, LLC; JEJ Investments, LLC, Sub-Ten Holdings, LLC, MasterTen, LLC, Advanced Practice Solutions, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; and Mark Thompson) that was orchestrated and approved by Omega Healthcare Investors, Inc., was completed on September 1, 2013. In selecting and orchestrating the transition of Ouachita Nursing and Rehabilitation Center to the new operating entities, the Ponthie Defendants, Omega Healthcare Investors, Inc. failed to ensure that resident care provided at the facility was not negligent in breach of its duty to residents such as Ozie Edwards.

98. As a result of Omega Healthcare Investors, Inc.'s breach of its duty to the residents of Ouachita Nursing and Rehabilitation Center, Ozie Edwards suffered the devastating injuries described above.

99. As a direct and proximate result of Omega Healthcare Investors, Inc.'s negligent conduct, Plaintiff asserts a claim for judgment for all compensatory damages against Defendant Omega Healthcare Investors, Inc., including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, emotional distress and loss of life in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases, to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Addie Edwards, as Personal Representatives of the Estate of Ozie Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiffs for the injuries and damages sustained and exceeding that required by federal court jurisdiction in diversity of citizenship cases.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For the costs of litigating this case.

4. For attorney's fees pursuant to Ark. Code Ann. § 16-22-308 and Ark. Code Ann. § 4-88-204.

5. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Ozie Edwards and to deter Defendants and others from repeating such atrocities.

6. For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Addie Edwards as Personal Representative of the Estate of Ozie Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards

By:  _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Matthew D. Swindle (2012168)
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone:    (501) 907-7790
Facsimile:    (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
6315 Ranch Drive
Little Rock, AR 72223
Telephone:    (501) 868-2500
Facsimile:    (501) 868-2505

*Attorneys for the Plaintiff*

OUACHITA COUNTY CLERK

12:36:06∗FILED

2 OCT '14

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
PROBATE DIVISION

IN THE MATTER OF THE ESTATE OF
OZIE LEE EDWARDS, DECEASED                          NO. PR-2014-125

## ORDER APPOINTING PERSONAL REPRESENTATIVE

The Petition of Addie Edwards for appointment of a personal representative in the estate of

Ozie Lee Edwards, deceased, is presented to the Court. Upon consideration of the Petition and the

facts and evidence in support of it, the Court finds:

1.     No demand for notice of proceedings for the appointment of a personal representative

of the estate has been filed. The Petition is not opposed by any known person, and it may be heard

without notice.

2.     Ozie Lee Edwards, who resided at Ouachita Nursing & Rehab Center, 1411 Country

Club Rd., Camden, Arkansas, died at Ouachita Nursing & Rehab Center, 1411 Country Club Rd.,

Camden, Arkansas, on November 11, 2013.

3.     This Court has jurisdiction of this proceeding and venue properly lies in this County.

4.     Addie Edwards is a proper person by law to serve as personal representative of the

estate.

5.     It appears there are no unsecured claims against the decedent's estate.

6.     The estate has no assets other than a potential personal injury/wrongful death action,

and bond, therefore, is waived at this time. The Court will revisit the issue of bond should the estate

acquire assets at any time.



IT IS THEREFORE ORDERED as follows:

a.      the administration of the estate is opened;

b.      Addie Edwards is appointed personal representative of the estate; and

c.      Letters of Administration shall be issued to this personal representative without the

requirement of a bond.

DATED this 30 day of September , 2014.

CIRCUIT JUDGE

Submitted by:

J. Michael Lewis, Bar #92269
LEWIS & LEWIS
P. O. Box 20160
White Hall, AR 71612
Telephone No. (870) 247-2111
Attorneys for Estate

-2-

**CONTRACT
TO PARTICIPATE IN THE ARKANSAS NURSING HOME PROGRAM
ADMINISTERED BY THE DIVISION OF ECONOMIC AND MEDICAL SERVICES
OFFICE OF LONG TERM CARE
UNDER TITLE XIX (MEDICAID)**

This ___Facility___ agreement made and entered into this the _____ day of _____

by and between _____, hereinafter called Provider, and

the Department of Economic and Medical Services, Office of Long Term Care hereinafter called State.

WITNESSETH:

I.   Provider agrees that its responsibilities hereunder shall be as follows:

A.   To keep all records, as set forth in applicable Federal and/or State regulations, and Long Term Care Provider Manuals, and any duly promulgated changes in or additions thereto, and to fully disclose the extent of all services provided to individuals receiving assistance under the State Plan.

B.   To make available for inspection all records herein specified to satisfy audit requirements under the program; to furnish all such records for audit conduction periodically by State or its designated agents and/or representatives of the Department of Human Services, and the Department of Health and Human Services of the United States of America or its designees or representatives. For all Medicaid recipients these records shall include, but not necessarily be limited to those records as defined in Section A above.

C.   Provider shall at all times provide State access to the facility, residents, and resident records. Provider expressly agrees not to hinder, impede, or otherwise restrict State from carrying out its official duties, and expressly agrees to reasonably assist State in carrying out its official duties. In this context, "official duties" include inspections, surveys and investigations and reviews as prescribed by State and Federal laws, rules and regulations, and shall allow 'observation and recordings made and conducted relative to long term care facilities, long term care residents, and records of or possessed by facility and/or residents. 'Observation' includes the right and ability to move in or around the interior and/or exterior, including resident rooms of a long term care facility, unaccompanied (except upon request if the inspector[s]) at any time. 'Recordings' include photostatic copies, notes, writings, drawings, and photographs (whether still or motion, in accordance with Section 2 of Ark. Act 33 of 1989), and sound recordings."

D.   To accept only residents who have met the requirements of the duly promulgated Pre-Admission Screening Program and for whom the facility can provide all required and necessary service. Provider specifically herein agrees to insure availability of all medications prescribed by the resident's physician.

E.   To provide all services without discrimination on the grounds of race, color, national origin, or physical or mental disability within the provisions of Title VI of the Federal Civil Rights Act, and Section 504 of the Rehabilitation Act of 1973. Provider agrees herewith that it has been furnished with a copy of the LTC Provider Manual, and shall be bound by all provisions thereof, including any and all changes and/or additions thereto.

F.   To comply with all rules, regulations, changes in and additions thereto issued by the United States Department of Health and Human Services pertaining to nursing homes, and to comply with all rules, regulations, duly promulgated changes in and additions thereto issued by the State.

G.   To meet all requirements of applicable Life Safety Code and all State Fire and Safety Codes.

H.   Provider will not transfer or discharge any recipient without a minimum of 30 days advance notice to the individual or a responsible person. Provider may transfer or discharge a Medicaid recipient under the following circumstances:

1.   The transfer or discharge is necessary to meet the resident's welfare and the resident's welfare cannot be met in the facility;

2.   The transfer or discharge is appropriate because the resident's health has improved sufficiently so the resident no longer needs the services provided by the facility;

3.   The safety of the individuals in the facility is endangered;

4.   The health of individuals in the facility would otherwise be endangered;

5.   The resident has failed, after reasonable and appropriate notice, to pay (or to have paid under Title XIX or Title XVIII on the resident's behalf an allowable charge imposed by the facility for an item or service requested by the resident and for which a charge may be imposed consistent with federal and state laws and regulations; or

6.   The facility ceases to operate.

The notice of transfer or discharge must be made at least 30 days in advance of the resident's transfer or discharge except:

a.   In a case described in item H(3) or H(4) above;

b.   In a case described in item H(2) above where the resident's health improves sufficiently to allow for a more immediate transfer or discharge;

c.   In a case described in item H(1) above where a more immediate transfer or discharge is necessitated by the resident's urgent medical needs; or

d.   In a case where the resident has not resided in the facility for 30 days.

I.   Provider shall give 30 day notice to the State prior to any change of ownership including a change which contemplates or provides for the assumptions of existing liabilities by the new owner.

EMS-711 (R. 9/89)

**PLAINTIFF'S EXHIBIT B**

J.  To bill State (Medicaid) only after the service has been provided.

K.  To accept Medicaid reimbursement rates determined by the State as full payment for all Medicaid eligible care and services required by the classification of each resident and rendered by the provider, and make no additional charges to the resident, or to accept any additional payment from the resident, relatives, or responsible parties for that service which is covered under the Medicaid Program.

L.  To promptly refund to the resident or responsible party any unused portion of recipient applied income collected in advance and not owed due to death, discharge or transfer. Recipient income is to be prorated on a per diem basis according to the number of days in the month.

M.  To promptly refund to a resident or other responsible person any deposit or entrance fee collected while awaiting approval for Medicaid eligibility to the extent those days are covered by Medicaid payments.

N.  To provide all services and specific items as defined in the Medical Assistance Reasonable Cost Related Reimbursement Manual for Long Term Care Facilities (MARCRRM-LTCF) or any additions thereto or subsequent manuals. Receipt of Medicaid per diem reimbursement rates is considered payment in full for services and items included in the MARCRRM.

O.  To accept assignment and file a claim in a timely and proper manner with all third party sources, and if said claim is collected from a third party, to reimburse Medicaid up to the amount Medicaid paid for said services.

P.  The $30 Personal Needs Allowance which is provided for by the Medicaid Program for personal expenditures of a resident cannot and shall not be used for any other purpose except as authorized in writing by the resident or responsible party.

Q.  To comply with all State and/or Federal regulations pertaining to resident personal funds and to provide the State access to patient account records or any other financial records maintained by the provider for benefit of the patient. The new owner must specify in writing which owner will be responsible for recipient Medicaid claims and facility account receivable balances resulting from dates of service prior to the ownership change.

Further Provider agrees that it will not prevent or interfere with the Individual or responsible person, or the Office of Long Term Care in the transfer or discharging of a patient when same is appropriate.

II.  The State agrees that it shall have the following responsibilities hereunder:

A.  To make timely payments to Provider for the appropriate Medicaid services provided the eligible Medicaid recipients in accordance with the terms of the LTC Provider Manual or other appropriate regulations and procedures previously mentioned herein.

B.  To notify Provider of any changes of rules or regulations to be followed hereunder as promptly as is practicable at all times.

C.  To safeguard the confidentiality of any Medicaid records maintained for the State, its agents, and/or fiscal intermediary as specified in Federal and State regulations.

III.  Mutual Covenants, Duties, Responsibilities, and Undertakings

A.  State and Provider mutually agree to comply with all Federal and State laws, rules and regulations.

B.  State and Provider agree that the rights and privileges of the residents are of primary concern to the parties and the parties expressly agree and covenant to protect and preserve those rights and privileges and that failure to act in a manner consistent with those rights and privileges shall constitute an immediate breach of agreement and may result in immediate termination of this agreement without recourse.

C.  State and Provider agree and covenant that this written instrument constitutes the entirety of the agreement between both parties and no statement or representations not reduced to writing or incorporated herein by express reference shall be binding upon the parties and such statements or representations not incorporated herein by express reference or not contained herein shall constitute no part of this agreement.

IV.  This contract may be terminated in accordance with the following provisions:

A.  This contract may be terminated by either party by giving 30 days written notice to the other party.

B.  This contract may be terminated immediately by State for the following reasons:

1.  Federal sanction of Provider.

2.  Change of ownership.

3.  Violation of any provision herein contained.

4.  In accordance with termination procedures as set out in appropriate Federal and/or State regulations or rules by which Provider is bound hereunder.

| Provider | Division of Economic and Medical Services Office of Long Term Care |
|---|---|
| By: _____ | _____ |
| (Signature) | (Signature) |
| Name: _____ | Name: _____ |
| (Type Name) | (Type name) |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |

EMS-711 (R. 8/89)

2 of 2

IN THE CIRCUIT  COURT OF OUACHITA COUNTY,  KANSAS
_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793
THE STATE OF ARKANSAS TO DEFENDANT(S):

**TO DEFENDANT:**
Diversicare Leasing Corp.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

Diversicare Leasing Corp.

## N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the
attached **Complaint**.  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of
Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered
against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present
your defense.  Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an
Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date:   November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: Kathy Bass    Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Diversicare Healthcare Services, Inc.
c/o Robert E. Rice
1621 Galleria Boulevard
Brentwood, TN 37027

THE STATE OF ARKANSAS TO DEFENDANT(S):      Diversicare Healthcare Services, Inc.

## N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:** November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701



By: Kathy Bass Deputy Clerk

IN THE CIRCUIT   OURT OF OUACHITA COUNTY,   KANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV- 2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone:  (501) 907-7790
Fax:  (501) 907-7793

**TO DEFENDANT:**
Diversicare Management Services Co.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

THE STATE OF ARKANSAS TO DEFENDANT(S):        Diversicare Management Services, Co.

### N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the
attached **Complaint**.  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of
Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered
against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present
your defense.  Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an
Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date:  November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701



By Kathy Bass Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone:  (501) 907-7790
Fax:  (501) 907-7793

**TO DEFENDANT:**
Omega Healthcare Investors, Inc.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

THE STATE OF ARKANSAS TO DEFENDANT(S):       **Omega Healthcare Investors, Inc.**

## N O T I C E

1.       You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the
attached **Complaint**.  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of
Documents.

2.       The attached **Complaint** will be considered admitted by you and a judgment by default may be entered
against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present
your defense.  Your pleading or answer must meet the following requirements:

A.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.       It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

3.       If you desire to be represented by an attorney you should immediately contact your attorney so that an
Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date: November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701



By Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____6_____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**

Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**

Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**

Advocat Ancillary Services, LLC
Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

THE STATE OF ARKANSAS TO DEFENDANT(S):       Advocat Ancillary Services, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.       It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices: Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must
be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS** my hand and seal of the Court. Date: November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: Kathy Bass Deputy Clerk

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):      Camden Operations, LLC d/b/a Ouachita
Nursing and Rehabilitation Center

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint.** Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this Date:**  November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: Kathy Bass      Deputy Clerk

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**

Addie Edwards as Personal Representative of the Estate of Ozie Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**

Diversicare Leasing Corp. d/b/a Ouachita Nursing and Rehabilitation Center; Diversicare Healthcare Services, Inc.; Diversicare Management Services Co.; Advocat Ancillary Services, LLC; Omega Healthcare Investors, Inc.; Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen, LLC; Advanced Practice Solutions, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan in her capacity as Administrator of Ouachita Nursing and Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**

Brian D. Reddick
Brent L. Moss
Matthew Swindle
Robert W. Francis
**REDDICK MOSS, PLLC**
One Information Way, Suite 201
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**

JEJ Investments, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, Arkansas 72703

THE STATE OF ARKANSAS TO DEFENDANT(S): **JEJ Investments, LLC**

### N O T I C E

1.    You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

2.    The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.    It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.    It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons – or sixty (60) days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas.

3.    If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:**   November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Matthew Swindle
Robert W. Francis
**REDDICK MOSS, PLLC**
One Information Way, Suite 201
Little Rock, Arkansas 72202
Telephone:  (501) 907-7790
Fax:  (501) 907-7793

**TO DEFENDANT:**

Sub-Ten, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, Arkansas 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):  **Sub-Ten, LLC**

## N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the
attached **Complaint**.  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of
Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered
against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present
your defense.  Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons – or sixty (60) days if you are incarcerated in any jail, penitentiary, or other correctional facility in
Arkansas.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an
Answer can be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**WITNESS my hand and seal of the court this date:** November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: _Kathy Bass_  Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____6_____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Matthew Swindle
Robert W. Francis
**REDDICK MOSS, PLLC**
One Information Way, Suite 201
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**

MasterTen, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, Arkansas 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):  **MasterTen, LLC**

### N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons – or sixty (60) days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this      November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: _Kathy Bass_ _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION
## SUMMONS
Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793
THE STATE OF ARKANSAS TO DEFENDANT(S):

**TO DEFENDANT:**
Advanced Practice Solutions, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

Advanced Practice Solutions, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.       It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must
be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:** November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By: Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ *Le* _____ DIVISION

## SUMMONS

Case No: *CV-2014-203-6*

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Procare Therapy Services, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):        **Procare Therapy Services, LLC**

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.        It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.        It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must
be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the said Court on**    *November 24, 2014*
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                                By: *Kathy Boss* Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Southern Administrative Services, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):      Southern Administrative Services, LLC

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date** November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                                            By: Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: _CV-2014-203-6_

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Ponthie Holdings, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):        Ponthie Holdings, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.        It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.        It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the Court this date:**   November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                                          By: _Kathy Goss_ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate   of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone:  (501) 907-7790
Fax:  (501) 907-7793

**TO DEFENDANT:**
Professional Nursing Solutions, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703

THE STATE OF ARKANSAS TO DEFENDANT(S):        Professional Nursing Solutions, LLC

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**.  Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.        It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.        It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court on this** November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                                            By Kathy Bass        Deputy Clerk

IN THE CIRCUI⌐   ⌐OURT OF OUACHITA COUNTY, ...KANSAS

_____ 6 _____   DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone:  (501) 907-7790
**Fax:  (501) 907-7793**

**TO DEFENDANT:**
John Ponthie

THE STATE OF ARKANSAS TO DEFENDANT(S):          John Ponthie

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.       It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.       It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:**  Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS** my hand and seal of the Court. Date:  November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701

By Kathy Boss _____ Deputy Clerk

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
_____ 6 _____ DIVISION

## SUMMONS

### Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
**Fax: (501) 907-7793**
THE STATE OF ARKANSAS TO DEFENDANT(S):          Ross Ponthie

**TO DEFENDANT:**
Ross Ponthie

### N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint.** Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

**Additional Notices:** Plaintiff's First Set of Interrogatories and Requests for Production of Documents must
be answered within **forty-five ( 45 ) days** of service. Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date**          November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                              By: Kathy Bass          Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and
Rehabilitation Center; Diversicare Healthcare Services,
Inc.; Diversicare Management Services Co.; Advocat
Ancillary Services, LLC; Omega Healthcare Investors, Inc.;
Camden Operations, LLC d/b/a Ouachita Nursing and
Rehabilitation Center; JEJ Investments, LLC; Sub-Ten
Holdings, LLC; MasterTen, LLC; Advanced Practice
Solutions, LLC; Procare Therapy Services, LLC; Southern
Administrative Services, LLC; Ponthie Holdings, LLC;
Professional Nursing Solutions, LLC; John Ponthie; Ross
Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of Ouachita Nursing and
Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
**Fax: (501) 907-7793**
THE STATE OF ARKANSAS TO DEFENDANT(S):

**TO DEFENDANT:**
Mark Thompson

Mark Thompson

## N O T I C E

You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached
**Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you
for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense.
Your pleading or answer must meet the following requirements:

A.     It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.     It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this
Summons.

If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can
be filed for you within the time allowed.  Responses should be served on counsel for Plaintiffs.

**Additional Notices:  Plaintiff's First Set of Interrogatories and Requests for Production of Documents** must
be answered within **forty-five ( 45 ) days** of service.  Responses should be served on counsel for Plaintiff.

**WITNESS my hand and seal of the court this date:**        November 24, 2014
Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701                                By: Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS

_____ 6 _____ DIVISION

## SUMMONS

Case No: CV-2014-203-6

**PLAINTIFF(S):**
Addie Edwards as Personal Representative of the Estate of Ozie Edwards, and on behalf of the wrongful death beneficiaries of Ozie Edwards

**DEFENDANT(S):**
Diversicare Leasing Corp. d/b/a Ouachita Nursing and Rehabilitation Center; Diversicare Healthcare Services, Inc.; Diversicare Management Services Co.; Advocat Ancillary Services, LLC; Omega Healthcare Investors, Inc.; Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen, LLC; Advanced Practice Solutions, LLC; Procare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; Mark Thompson; and Jennie Jeanette Goss Hassan in her capacity as Administrator of Ouachita Nursing and Rehabilitation Center

**PLAINTIFF'S ATTORNEYS:**
Brian D. Reddick
Brent L. Moss
Robert W. Francis
Matthew D. Swindle
**REDDICK MOSS, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Fax: (501) 907-7793

**TO DEFENDANT:**
Jeanette Goss Hassan
2930 Huron Street
Camden, AR 71701

THE STATE OF ARKANSAS TO DEFENDANT(S):      Jeanette Goss Hassan

### N O T I C E

1.      You are hereby notified that a lawsuit has been filed against you; the relief asked for is stated in the attached **Complaint**. Also attached are Plaintiff's First Set of Interrogatories and requests for Production of Documents.

2.      The attached **Complaint** will be considered admitted by you and a judgment by default may be entered against you for the relief asked for in the **Complaint** unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

A.      It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure
B.      It must be filed in the court clerk's office within **thirty ( 30 ) days** from the day you were served with this Summons.

3.      If you desire to be represented by an attorney you should immediately contact your attorney so that an Answer can be filed for you within the time allowed. Responses should be served on counsel for Plaintiffs.

WITNESS my hand and seal of the court this date: November 24, 2014

Betty Wilson
Ouachita County Circuit Clerk
145 Jefferson Street
Camden, AR 71701



By Kathy Bass _____ Deputy Clerk

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
6th DIVISION

*FILED*

2014 DEC 30  PM 2 31

*Kathy Bass*

OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

**Addie Edwards as Personal Representative of the**
**Estate of Ozie Edwards, and on behalf of the**
**wrongful death beneficiaries of Ozie Edwards**                    **PLAINTIFFS**

**vs.**                          **CASE NO. CV-2014-203-6**

**Diversicare Leasing Corp. d/b/a Ouachita Nursing**
**and Rehabilitation Center; Diversicare Healthcare**
**Services, Inc.; Diversicare Management Services Co.;**
**Advocat Ancillary Services, LLC; Omega**
**Healthcare Investors, Inc.; Camden Operations, LLC**
**d/b/a Ouachita Nursing and Rehabilitation Center;**
**JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,**
**LLC; Advanced Practice Solutions, LLC; Procare**
**Therapy Services, LLC; Southern Administrative Services,**
**LLC; Ponthie Holdings, LLC; Professional Nursing**
**Solutions, LLC; John Ponthie; Ross Ponthie;**
**Mark Thompson; and Jennie Jeanette Goss Hassan**
**in her capacity as Administrator of**
**Ouachita Nursing and Rehabilitation Center**                    **DEFENDANTS**

## ANSWER TO COMPLAINT

COMES NOW the Separate Defendants, Omega Healthcare Investors, Inc. (for the time

period on and after September 1, 2013); Camden Operations, LLC d/b/a Ouachita Nursing and

Rehabilitation Center; JEJ Investments, LLC, Sub-Ten Holdings, LLC, MasterTen, LLC,

Advanced Practice Solutions, LLC; ProCare Therapy Services, LLC; Southern Administrative

Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie;

Ross Ponthie; and Mark Thompson (collectively referred to as "THESE DEFENDANTS" unless

specifically identified herein), by and through their attorneys, Conner & Winters, LLP, and for

their Answer to the Plaintiffs' Complaint, state the following to-wit:

1

## JURISDICITONAL STATEMENT

1.      The allegations contained in paragraphs 1 and 2 of the Plaintiffs' Complaint are not directed toward THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

2.      THESE DEFENDANTS are without sufficient information to admit or deny the allegations contained in paragraph 3 of the Plaintiffs' Complaint, and accordingly deny the same and demand strict proof thereof.

3.      The allegations contained in paragraphs 4, 5, 6, and 7 of the Plaintiffs' Complaint are not directed toward THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

4.      In response to paragraph 8 of Plaintiffs' Complaint Defendant Omega Healthcare Investors, Inc. admits it is a foreign company and admits that Corporation Service Company is its agent for service of process.  Defendant Omega Healthcare Investors, Inc. denies the remaining allegations contained in paragraph 8 of the Plaintiffs' Complaint not specifically admitted herein.  The allegations contained in paragraph 8 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

5.      In response to paragraph 9 of Plaintiffs' Complaint THESE DEFENDANTS admit a transition in the lease operation of Ouachita Nursing and Rehabilitation Center occurred on September 1, 2013.   Defendant Camden Operations, LLC d/b/a Ouachita Nursing and

that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

8.     Defendant MasterTen, LLC admits that it is an Arkansas limited liability company and that its agent for service of process is Amy Wilbourn, as alleged in paragraph 12 of the Plaintiffs' Complaint.  Defendant MasterTen, LLC denies it ever provided services of any kind to Ouachita Nursing and Rehabilitation Center. Defendant MasterTen, LLC denies the remaining allegations contained in paragraph 12 of the Plaintiffs' Complaint not specifically admitted herein.  The allegations contained in paragraph 12 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

9.     Defendant Advanced Practice Solutions, LLC admits that it is an Arkansas limited liability company and that its agent for service of process is Amy Wilbourn, as alleged in paragraph 13 of the Plaintiffs' Complaint.  Defendant Advanced Practice Solutions, LLC denies it ever provided services of any kind to Ouachita Nursing and Rehabilitation Center. Defendant Advanced Practice Solutions, LLC denies the remaining allegations contained in paragraph 13 of the Plaintiffs' Complaint not specifically admitted herein.   The allegations contained in paragraph 13 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

10.     Defendant ProCare Therapy Services, LLC admits that it is an Arkansas limited liability company that provided therapy services to residents of Ouachita Nursing and

4

Rehabilitation Center and that its agent for service of process is Amy Wilbourn, as alleged in paragraph 14 of the Plaintiffs' Complaint. Defendant ProCare Therapy Services, LLC denies the remaining allegations contained in paragraph 14 of the Plaintiffs' Complaint not specifically admitted herein. The allegations contained in paragraph 14 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

11.     Defendant Southern Administrative Services, LLC admits that it is an Arkansas limited liability company engaged in business in the state of Arkansas; admits that it currently provides services to Ouachita Nursing and Rehabilitation Center; and admits that its agent for service of process is Amy Wilbourn, as alleged in paragraph 15 of the Plaintiffs' Complaint. Defendant Southern Administrative Services, LLC denies the remaining allegations contained in paragraph 15 of the Plaintiffs' Complaint not specifically admitted herein. The allegations contained in paragraph 15 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

12.     Defendant Ponthie Holdings, LLC admits that it is an Arkansas limited liability company and that its agent for service of process is Amy Wilbourn, as alleged in paragraph 16 of the Plaintiffs' Complaint. Defendant Ponthie Holdings, LLC denies the remaining allegations contained in paragraph 16 of the Plaintiffs' Complaint not specifically admitted herein. The allegations contained in paragraph 16 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf.

5

To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

13.     Defendant Professional Nursing Solutions, LLC admits that it is an Arkansas limited liability company engaged in business in the state of Arkansas; admits that it provided services to Ouachita Nursing and Rehabilitation Center; and admits that its agent for service of process is Amy Wilbourn, as alleged in paragraph 17 of the Plaintiffs' Complaint. Defendant Professional Nursing Solutions, LLC denies the remaining allegations contained in paragraph 17 of the Plaintiffs' Complaint not specifically admitted herein. The allegations contained in paragraph 17 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

14.     Defendant John Ponthie admits that he is a citizen and resident of Shreveport, Louisiana, as alleged in paragraph 18 of the Plaintiffs' Complaint. To the extent the allegations contained in paragraph 18 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law, a response is not required. Defendant John Ponthie denies the remaining allegations contained in paragraph 18 of the Plaintiffs' Complaint not specifically admitted herein. The allegations contained in paragraph 18 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

15.     In response to the allegations of paragraph 19 of Plaintiffs' Complaint Defendant Ross Ponthie admits that he is a citizen and resident of Alexandria, Louisiana, and admits that he

is a member of Camden Operations, LLC, Advanced Practice Solutions, LLC, ProCare Therapy

Services, LLC, Ponthie Holdings, LLC, and Professional Nursing Solutions, LLC. To the extent

the allegations contained in paragraph 19 of the Plaintiffs' Complaint are non-factual in nature

and allege issues of law, a response is not required. Defendant Ross Ponthie denies the remaining

allegations contained in paragraph 19 of the Plaintiffs' Complaint not specifically admitted

herein. The allegations contained in paragraph 19 of the Plaintiffs' Complaint are not directed

towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on

their behalf. To the extent that a response is required, or to the extent that these allegations

purport to show liability on the part of any Defendant, they are specifically denied.

16.     In response to paragraph 20 of Plaintiffs' Complaint, Defendant Mark Thompson

admits that he is a citizen and resident of Alexandria, Louisiana, and admits that he is a member

of Camden Operations, LLC, Advanced Practice Solutions, LLC, ProCare Therapy Services,

LLC, and Professional Nursing Solutions, LLC. To the extent the allegations contained in

paragraph 20 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law, a

response is not required. Defendant Mark Thompson denies the remaining allegations contained

in paragraph 20 of the Plaintiffs' Complaint not specifically admitted herein. The allegations

contained in paragraph 20 of the Plaintiffs' Complaint are not directed towards the remainder of

THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent

that a response is required, or to the extent that these allegations purport to show liability on the

part of any Defendant, they are specifically denied.

17.     The allegations contained in paragraphs 21 of the Plaintiffs' Complaint are not

directed toward THESE DEFENDANTS and therefore, do not call for a response on their behalf.

To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

18.     In response to the allegations of paragraph 22 of Plaintiffs' Complaint, THESE DEFENDANTS object to the Plaintiffs "lumping" of all defendants together as "Nursing Home Defendants". Each Defendant is entitled to proper notice of the claims against him as a matter of due process and under the Arkansas pleading requirements. Paragraph 22 does not assert any facts or claims against THESE DEFENDANTS and thus no response is required. To the extent the statements contained in paragraph 22 of Plaintiffs' Complaint purport to show liability on the part of any Defendant, they are specifically denied.

19.     Paragraph 23 does not assert any facts or claims against THESE DEFENDANTS and thus no response is required. To the extent the statements contained in paragraph 23 of Plaintiffs' Complaint purport to show liability on the part of any Defendant, they are specifically denied.

20.     In response to the allegations of paragraph 24 of Plaintiffs' Complaint, THESE DEFENDANTS object to the Plaintiffs "lumping" of all defendants together as "Defendants". Each Defendant is entitled to proper notice of the claims against him as a matter of due process and under the Arkansas pleading requirements. Paragraph 24 does not assert any facts or claims against THESE DEFENDANTS and thus no response is required. To the extent the statements contained in paragraph 24 of Plaintiffs' Complaint purport to show liability on the part of any Defendant, they are specifically denied

21.     THESE DEFENDANTS deny the allegations contained in paragraph 25 of the Plaintiffs' Complaint.

FACTUAL ALLEGATIONS

22.     In response to the allegations of Paragraph 26 of Plaintiffs' Complaint, THESE DEFENDANTS are without specific information with which to admit or deny the allegations and thus deny the allegations of paragraph 26 of the Plaintiffs' Complaint.

23.     In regards to paragraph 27 of the Plaintiffs' Complaint, THESE DEFENDANTS would defer to the medical records reflecting Mr. Edwards' medical condition and associated treatment.  To the extent the allegations of paragraph 27 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

24.     THESE DEFENDANTS admit the allegations contained in paragraph 28 of the Plaintiffs' Complaint.

25.     THESE DEFENDANTS are without sufficient information to admit or deny the allegations contained in paragraph 29 of the Plaintiffs' Complaint, and accordingly deny the same and demand strict proof thereof.  THESE DEFENDANTS were not involved in Mr. Edwards care until September 2013.

26.     The Rules and Regulations of the Arkansas Office of Long Term Care and Code of Federal Regulations speak for themselves, and to the extent the allegations contained in paragraph 30 of the Plaintiffs' Complaint seek to expand or interpret the terms thereof beyond those set forth therein, such allegations are denied.  To the extent the allegations of paragraph 30 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

27.     THESE DEFENDANTS deny the allegations contained in paragraph 31 of the Plaintiffs' Complaint.

28.     THESE DEFENDANTS deny the allegations contained in paragraphs 32, 33, 34, 35, 36 and 37 of the Plaintiffs' Complaint.

<u>CAUSES OF ACTION AGAINST THE NURSING HOME DEFENDANTS</u>

<u>COUNT ONE:  NEGLIGENCE</u>

29.  In response to paragraph 38, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-37 herein.

30.  The allegations contained in paragraphs 39, 40, 41, 42, and 43 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law.  To the extent a response is required or to the extent the allegations of paragraphs 39, 40, 41, 42, and 43 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

31.  THESE DEFENDANTS deny the allegations contained in paragraph 44, including subparts (a) through (n), of the Plaintiffs' Complaint.

32.  The allegations contained in paragraph 45 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law.  To the extent a response is required or to the extent allegations of paragraph 45 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

33.  THESE DEFENDANTS deny the allegations contained in paragraphs 46, 47, 48, and 49 of the Plaintiffs' Complaint.

<u>COUNT TWO:  MEDICAL MALPRACTICE</u>

34.  In response to paragraph 50, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-49 herein.

35.  The allegations contained in paragraphs 51, 52, and 53 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law.  To the extent a response is required or to the extent the allegations of paragraphs 51, 52, 53 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

36.     THESE DEFENDANTS deny the allegations contained in paragraphs 54, 55, 56, and 57 of the Plaintiffs' Complaint.

<u>COUNT THREE:  BREACH OF THE ADMISSION AGREEMENT</u>

37.     In response to paragraph 58, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-57 herein.

38.     THESE DEFENDANTS are without sufficient information to admit or deny the allegations contained in paragraphs 59 and 60 of the Plaintiffs' Complaint, and accordingly deny the same and demand strict proof thereof.

39.     THESE DEFENDANTS deny the allegations contained in paragraphs 61, 62 and 63 of the Plaintiffs' Complaint.  THESE DEFENDANTS deny that Plaintiffs' are entitled to punitive damages.

40.     THESE DEFENDANTS are without sufficient information to admit or deny the allegations contained in paragraph 64 of the Plaintiffs' Complaint, and accordingly deny the same and demand strict proof thereof.

<u>COUNT FOUR:  BREACH OF THE PROVIDER AGREEMENT</u>

41.     In response to paragraph 65, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-64 herein.

42.     THESE DEFENDANTS deny the allegations contained in paragraph 66 of the Plaintiffs' Complaint.

43.     In response to the allegations of paragraphs 67 and 68 of Plaintiffs' Complaint, THESE DEFENDANTS state that any provider agreement to which any of THESE DEFENDANTS is a party speaks for itself. THESE DEFENDANTS deny all other allegations of paragraphs 67 and 68 of Plaintiffs' Complaint.

11

44.   THESE DEFENDANTS deny the allegations contained in paragraphs 69, 70, 71, 72 and 73 of the Plaintiffs' Complaint.  THESE DEFENDANTS deny that Plaintiffs' are entitled to punitive damages.

45.   THESE DEFENDANTS are without sufficient information to admit or deny the allegations contained in paragraph 74 of the Plaintiffs' Complaint, and accordingly deny the same and demand strict proof thereof.

<u>COUNT FIVE:  DECEPTIVE TRADE PRACTICES</u>

46.   In response to paragraph 75, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-74 herein.

47.   The allegations contained in paragraphs 76, 77 and 78 of the Plaintiffs' Complaint are non-factual in nature and allege issues of law.  The Arkansas Deceptive Trade Practices Act speaks for itself, and to the extent the allegations contained in paragraphs 76, 77 and 78 of the Plaintiffs' Complaint seek to expand or interpret the terms thereof beyond those set forth therein, such allegations are denied.  To the extent the allegations of paragraphs 76, 77 and 78 purport to show liability on the part of any Defendant, THESE DEFENDANTS deny the same.

48.   THESE DEFENDANTS deny the allegations contained in paragraphs 79, 80 and 81 of the Plaintiffs' Complaint.

<u>CAUSES OF ACTION AGAINST THE ADMINISTRATOR DEFENDANT</u>

<u>FACTUAL ALLEGATIONS</u>

49.   In response to paragraph 82, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-81 herein.

50.   The allegations contained in paragraphs 83 and 84 of the Plaintiffs' Complaint are not directed toward THESE DEFENDANTS and therefore, do not call for a response on their

behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

<div align="center">NEGLIGENCE</div>

51.    In response to paragraph 85, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-84 herein.

52.    The allegations contained in paragraphs 86, 87, 88, and 89 of the Plaintiffs' Complaint are not directed toward THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

<div align="center">CAUSES OF ACTION AGAINST OMEGA HEALTHCARE INVESTORS, INC.</div>

<div align="center">FACTUAL ALLEGATIONS</div>

53.    In response to paragraph 90, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-89 herein.

54.    THESE DEFENDANTS deny the allegations contained in paragraph 91 of the Plaintiffs' Complaint.

55.    Defendant Omega Healthcare Investors, Inc. denies the allegations contained in paragraphs 92, 93, and 94 of the Plaintiffs' Complaint. The allegations contained in paragraphs 92, 93, and 94 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf. To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

<div align="center">NEGLIGENCE</div>

<div align="center">13</div>

56.     In response to paragraph 95, THESE DEFENDANTS incorporate each of their responses to paragraphs 1-94 above.

57.     Defendant Omega Healthcare Investors, Inc. (for the time period on and after September 1, 2013) denies the allegations contained in paragraphs 96, 97, 98, and 99 of the Plaintiffs' Complaint.   The allegations contained in paragraphs 96, 97, 98, and 99 of the Plaintiffs' Complaint are not directed towards the remainder of THESE DEFENDANTS and therefore, do not call for a response on their behalf.  To the extent that a response is required, or to the extent that these allegations purport to show liability on the part of any Defendant, they are specifically denied.

### PRAYER FOR RELIEF

58.     THESE DEFENDANTS deny all allegations contained in the Plaintiffs' Prayer for Relief.

59.     THESE DEFENDANTS deny all allegations contained in the Plaintiffs' Complaint not specifically admitted herein.

60.     THESE DEFENDANTS deny all allegations contained in any subsequent amendment to the Plaintiffs' Complaint unless specifically admitted by THESE DEFENDANTS in a responsive pleading thereto.

61.     THESE DEFENDANTS assert that Plaintiffs' Complaint fails to state a cause of action against them and should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

62.     In the event applicable and pending further investigation of this matter, THESE DEFENDANTS assert all affirmative defenses and all defensive motions allowed under Arkansas law and the Arkansas Rules of Civil Procedure, including but not limited to:

a. Insufficiency of process;

b. Insufficiency of service of process;

c. Failure to perfect service of process within the time allowed by Rule 4 of the Arkansas Rules of Civil Procedure;

d. Lack of personal jurisdiction;

e. Improper venue;

f. Failure to join an indispensable party pursuant to Rule 19 of the Arkansas Rules of Civil Procedure;

g. Failure to prosecute in the name of the real party in interest;

h. Failure to state facts upon which relief may be granted;

i. Pendency of another action between the same parties arising out of the same transaction or occurrence;

j. Waiver;

k. Waiver of breach by acceptance of benefits,

l. Laches;

m. Estoppel;

n. Failure of consideration;

o. Unclean hands

p. Set-off;

q. Accord and satisfaction;

r. Impossibility;

s. Plaintiffs' prevention of performance.

t. Cancellation;

u. Release;

v. Fraud in inducement;

w. Statute of limitations;

x. Election of remedies; and

y. All other available contract defenses.

63. Pleading in the affirmative, THESE DEFENDANTS state that any damages suffered by the Plaintiffs, the same being denied, were proximately caused by third parties for whom THESE DEFENDANTS are not legally responsible.

64. It is denied that THESE DEFENDANTS, or any of their agents, engaged in any act or omission that would give rise to an actionable claim on the part of Plaintiff.

65. THESE DEFENDANTS plead the affirmative defenses of independent intervening cause as the sole and/or concurring proximate cause for this accident; comparative fault on the part of Plaintiff which was a proximate result of Plaintiff's loss or damage; contributory negligence on the part of Plaintiff or others to whom THESE DEFENDANTS held

no control, including the failure to avoid a known condition, which was a proximate result of Plaintiff's loss or damage; assumption of risk on the part of Plaintiff; failure to mitigate damages on the part of Plaintiff; the acts or omissions of other parties for whom THESE DEFENDANTS are not responsible which was a proximate result of Plaintiffs' loss or damages, all of which serve as a bar to any recovery against THESE DEFENDANTS or in the alternative, in diminution of any alleged damages; and for the proration of fault, including the right to recover contribution from co-Defendants or Plaintiff and for which THESE DEFENDANTS hereby make a claim for contribution recovery if they are required to pay more than their prorata share, to the extent supported by current facts or those facts developed in the course of this lawsuit.

66.     THESE DEFENDANTS plead all provisions of the Civil Justice Reform Act of 2003, A.C.A. § 16-55-201, et seq, including all of its provisions, as a prohibition of, reduction of, or bar to the claims in this case against THESE DEFENDANTS.

67.     THESE DEFENDANTS state that an arbitration agreement may exist between the parties.   THESE DEFENDANTS reserve the right to enforce any applicable arbitration agreement after conducting an initial investigation.   THESE DEFENDANTS file this Answer in accordance with the Arkansas Rules of Civil Procedure.   The filing of this Answer should neither be construed as THESE DEFENDANTS invoking the litigation process nor as a waiver of THESE DEFENDANTS' right to compel arbitration in this matter.

68.     THESE DEFENDANTS affirmatively plead that the Complaint fails to state facts sufficient to justify an award of punitive damages.

69.     THESE DEFENDANTS deny that their conduct was grossly negligent, willful, wanton, reckless, malicious, intentional, or conducted with conscious indifference to the rights of the Plaintiff.

70.     THESE DEFENDANTS affirmatively plead that any claim for punitive damages is preempted by the federal statutory and regulatory scheme related to nursing homes.

71.     THESE DEFENDANTS affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate size of a punitive damages award.

72.     THESE DEFENDANTS affirmatively plead that Plaintiffs' claim for punitive damages against DEFENDANTS is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate DEFENDANTS' due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 2, 3, and 8 of the Arkansas Constitution.

73.     THESE DEFENDANTS affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give THESE DEFENDANTS prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of THESE DEFENDANTS' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 2, 3, and 8 of the Arkansas Constitution.

74.     THESE DEFENDANTS affirmatively assert that Plaintiffs' claims for punitive damages against THESE DEFENDANTS cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate THESE DEFENDANTS' due process rights guaranteed by the Fifth and

17

Fourteenth Amendments to the United States Constitution and Article II, §§ 2, 3, and 8 of the Arkansas Constitution.

75.     THESE DEFENDANTS affirmatively plead that Plaintiffs' claims for punitive damages against THESE DEFENDANTS cannot be sustained, because an award of punitive damages under Arkansas law that allows Plaintiff to prejudicially emphasize the corporate status of the Defendants violates THESE DEFENDANTS' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

76.     THESE DEFENDANTS affirmatively assert that Plaintiffs' claim for punitive damages cannot be sustained by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of THESE DEFENDANTS, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties, (5) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or

mental states that makes punitive damages permissible, (7) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages, and (8) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  This would violate THESE DEFENDANTS' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

77.    THESE DEFENDANTS affirmatively assert that Plaintiffs' claim for punitive damages against THESE DEFENDANTS cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish THESE DEFENDANTS for having caused injury to non-parties would violate THESE DEFENDANTS' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article II,  §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas. *See Philip Morris USA v. Williams,* 127 S. Ct. 1057 (2007).

78.    Plaintiffs' claim for punitive damages against THESE DEFENDANTS cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against THESE DEFENDANTS for punitive damages, would constitute impermissible multiple punishments in violation of THESE DEFENDANTS' due process and equal protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution, and Article II, §§ 2, 3, and 8 of the Arkansas Constitution.

79.    Pleading in the affirmative, THESE DEFENDANTS state that any claim for punitive damages asserted by the Plaintiff cannot be sustained because any award of punitive damages without bifurcating the trial as to all punitive damages issues, would violate THESE DEFENDANTS' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the Civil Justice Reform Act of 2003, and similar applicable provisions of the Arkansas Constitution.

80.    THESE DEFENDANTS reserve the right to amend this Answer, and to raise such other defenses, join such additional parties, and raise such additional claims as investigation of the facts alleged herein may warrant.

WHEREFORE, the separate Defendants, Omega Healthcare Investors, Inc. (for the time period on and after September 1, 2013); Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen, LLC; Advanced Practice Solutions, LLC; ProCare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; and Mark Thompson, respectfully prays that the Plaintiffs' Complaint be dismissed in its entirety and that they take nothing thereby, for their costs and attorney's fees in defending this matter, and for all other relief to which they may be entitled.

Respectfully submitted,

Omega Healthcare Investors, Inc. (for the time period on and after September 1, 2013); Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center; JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen, LLC; Advanced Practice Solutions, LLC; ProCare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; John Ponthie; Ross Ponthie; and Mark Thompson

By: _____

Amy M. Wilbourn (Ark. Bar No. 2003166)
Vicki Bronson (Ark. Bar No. 97058
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703
(479) 582-5711 Telephone
(479) 587-1426 Facsimile
Email:  awilbourn@cwlaw.com
Email:  vbronson@cwlaw.com

ATTORNEYS FOR THESE DEFENDANTS

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the following on this the 29th day of December, 2014:

Brian Reddick
Brent Moss
Robert Francis
Matthew Swindle
REDDICK MOSS, PLLC
One Information Way, Suite 105
Little Rock, AR  72202

Robert M. Sexton
RAINWATER, HOLT & SEXTON
6315 Ranch Drive
Little Rock, AR  72223

Vicki Bronson

## IN THE CIRCUIT COUT OF OUACHITA COUNTY, ARKANSAS
### 6TH DIVISION

**ADDIE EDWARDS AS PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF OZIE EDWARDS, AND ON**
**BEHALF OF THE WRONGFUL DEATH BENEFICIARIES**
**OF OZIE EDWARDS**                                                           **PLAINTIFFS**

2015 JAN  5  AM 11 26
Kathy Bass
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

**VS.**                              **CASE NO. CV-2014-203-6**

**DIVERSICARE LEASING CORP. D/B/A OUACHITA**
**NURSING AND REHABILITATION CENTER;**
**DIVERSICARE HEALTHCARE SERVICES, INC.;**
**DIVERSICARE MANAGEMENT SERVICES CO.;**
**ADVOCAT ANCILLARY SERVICES, LLC; OMEGA**
**HEALTHCARE INVESTORS, INC.; CAMDEN**
**OPERATIONS, LLC D/B/A OUACHITA NURSING**
**AND REHABILITATION CENTER; JEJ INVESTMENTS,**
**LLC; SUB-TEN HOLDINGS, LLC; MASTERTEN, LLC;**
**ADVANCED PRACTICE SOLUTIONS, LLC; PROCARE**
**THERAPY SERVICES, LLC; SOUTHERN ADMINISTRATIVE**
**SERVICES, LLC; PONTHIE HOLDINGS, LLC; PROFESSIONAL**
**NURSING SOLUTIONS, LLC; ROSS**
**PONTHIE; MARK THOMPSON; AND JENNIE JEANETTE**
**GOSS HASSAN IN HER CAPACITY AS ADMINISTRATOR**
**OF OUACHITA NURSING AND REHABILITATION CENTER**                **DEFENDANTS**

## ANSWER TO COMPLAINT

Come now the Separate Defendants, Diversicare Leasing Corp., Diversicare Healthcare

Services, Inc., Diversicare Management Services Co., and Advocat Ancillary Services, LLC

("Defendants"), by and through their attorneys, Hardin, Jesson & Terry, PLC, and for their

Answer to Plaintiff's Complaint, state as follows:

1.      Defendants admit that an Order appointing Plaintiff as Personal Representative of

the Estate of Ozie Edwards is attached as Exhibit A to Plaintiff's Complaint, and that document

speaks for itself.  To the extent the allegations set forth in Paragraph 1 of Plaintiff's Complaint

are inconsistent with Exhibit A, they are denied.  Defendants deny Plaintiff is entitled to any

damages.

2.      Upon information and belief, Defendants admit the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants state affirmatively that Mr. Edwards's facility charts and medical records most accurately reflect his dates of residency in any long-term care facility, including Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center, or hospital, and his date of death. Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center no longer held the license to operate Ouachita Nursing and Rehabilitation Center effective September 1, 2013 and, therefore, these defendants are without sufficient information, knowledge or belief to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint with respect to Mr. Edwards's residency as of that date. To the extent the allegations contained in Paragraph 3 of Plaintiff's Complaint are inconsistent with Mr. Edwards's facility charts and medical records, the allegations are denied.

4.      Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center admits that it is a foreign corporation and that its agent for service of process is Corporation Service Company. It further admits that it did business in Arkansas by operating, managing, holding the license for, and controlling the Ouachita facility during certain time periods asserted as relevant within Plaintiff's Complaint. Diversicare Leasing Corp. denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Diversicare Healthcare Services, Inc. admits that it is a foreign corporation and that its agent for service of process is Robert E. Rice at the address listed. It denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Diversicare Management Services Co. admits that it is a foreign corporation and that its agent for service of process is Corporation Service Company. It further admits that it

2

provided certain management services to the Ouachita facility during certain periods of time. Diversicare Management Services Co. denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Advocat Ancillary Services, LLC admits that it is a foreign corporation and that its agent for service of process is Corporation Service Company.  Advocat Ancillary Services, LLC denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      The allegations set forth in Paragraph 8 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

9.      Defendants deny the allegations contained in the first sentence in Paragraph 9 of Plaintiff's Complaint.  The remainder of the allegations set forth in Paragraph 9 of Plaintiff's Complaint are directed toward another Defendant in this action, and therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

10.      The allegations set forth in Paragraph 10 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

11.      The allegations set forth in Paragraph 11 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

12.      The allegations set forth in Paragraph 12 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

13.     The allegations set forth in Paragraph 13 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

14.     The allegations set forth in Paragraph 14 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

15.     The allegations set forth in Paragraph 15 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

16.     The allegations set forth in Paragraph 16 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

17.     The allegations set forth in Paragraph 17 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

19.     The allegations set forth in Paragraph 19 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

20.     The allegations set forth in Paragraph 20 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

21.     The allegations set forth in Paragraph 21 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

22.     Paragraph 22 of Plaintiff's Complaint fails to state facts against Defendants as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendants.   To the extent Paragraph 22 is construed to state facts as against Defendants, the allegations are denied.

23.     Paragraph 23 of Plaintiff's Complaint fails to state facts against Defendants as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendants. To the extent Paragraph 23 is construed to state facts against Defendants, the allegations are denied.

24.     Paragraph 24 of Plaintiff's Complaint fails to state facts against Defendants as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendants. To the extent Paragraph 24 is construed to state facts against Defendants, the allegations are denied.

25.     Defendants have no objection to jurisdiction and venue in this Court.

26.     Defendants state affirmatively that Mr. Edwards's facility charts and medical records most accurately reflect his dates of residency in any long-term care facility, including Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center, or hospital, and his date of death.  Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center no

longer held the license to operate Ouachita Nursing and Rehabilitation Center effective September 1, 2013 and, therefore, these defendants are without sufficient information, knowledge or belief to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint with respect to Mr. Edwards's residency as of that date.  To the extent the allegations contained in Paragraph 26 of Plaintiff's Complaint are inconsistent with Mr. Edwards's facility charts and medical records, the allegations are denied.

27.   The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.   Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center admits that it is certified for participation in the Medicaid-Medicare program, and is, therefore, required to comply with certain federal regulations applicable to such certification.   The remaining allegations contained in Paragraph 28 of Plaintiff's Complaint, including sub-parts (a) through (d), consist of legal conclusions and arguments of counsel to which no responsive pleading is required.  To the extent that any additional responsive pleading may be required, the allegations are denied by all Defendants herein.

29.   The allegations contained in the first sentence of Paragraph 29 of Plaintiff's Complaint are denied.  With respect to the remaining allegations in this paragraph, including sub-parts (a) through (d), Defendants state affirmatively that the surveys in question speak for themselves.  To the extent the remaining allegations in this paragraph are inconsistent with the surveys referenced, the allegations are denied.  Defendants deny that the deficiencies referenced in this paragraph are relevant to the alleged injuries suffered by Mr. Edwards.

30.   The first three sentences of Paragraph 30 of Plaintiff's Complaint consist of legal arguments and conclusions of counsel to which no response is required by Defendants.  To the extent a response is required, the allegations are denied.  The fourth sentence of this paragraph is

directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied, including sub-parts (a) through (h).

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38.     With respect to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied, including sub-parts (a) through (n).

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied, including sub-parts (a) through (i).

7

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied, including sub-parts (a) through (l).

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

50.     With respect to the allegations contained in Paragraph 50 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

51.     Separate Defendant Diversicare Leasing Corp., d/b/a Ouachita Nursing and Rehabilitation Center, admits that it is a medical care provider as defined within the Arkansas Medical Malpractice Act.  The remaining defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied, including sub-parts (a) through (g).

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

58.     With respect to the allegations contained in Paragraph 58 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

59.     Defendants admit that an Admission Agreement was signed at the time of Mr. Edwards's admission.  The Admission Agreement speaks for itself.  To the extent the allegations contained in Paragraph 59 of Plaintiff's Complaint are inconsistent with the terms of the Agreement, the allegations are denied.

60.     The allegations contained in Paragraph 60 of Plaintiff's Complaint are denied.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint are denied.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

64.     Paragraph 64 of Plaintiff's Complaint fails to state facts against Defendants as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendants.  To the extent Paragraph 64 is construed to state facts against Defendants, the allegations are denied.

65.     With respect to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required.  To the extent that any responsive pleading may be required, the allegations are denied.

67.     The allegations contained in Paragraph 67 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required.  To the extent that any responsive pleading may be required, the allegations are denied.

68.     The first sentence of Paragraph 68 of Plaintiff's Complaint consists of legal arguments and conclusions of counsel to which no responsive pleading is required.  To the extent that any responsive pleading may be required, the allegations are denied.   The remaining allegations contained in Paragraph 68 of Plaintiff's Complaint are denied.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint are denied, including sub-parts (a) through (g).

70.     The allegations contained in Paragraph 70 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

73.     The allegations contained in Paragraph 73 of Plaintiff's Complaint are denied. Defendants further deny that Plaintiff is entitled to the relief sought in this paragraph.

74.     Paragraph 74 of Plaintiff's Complaint fails to state facts against Defendants as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendants. To the extent Paragraph 74 is construed to state facts against Defendants, the allegations are denied.

75.     With respect to the allegations contained in Paragraph 75 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint, including sub-parts (a) and (b), consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied.

78.     The allegations contained in Paragraph 78 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint are denied.

80.     The allegations contained in Paragraph 80 of Plaintiff's Complaint are denied.

81.     The allegations contained in Paragraph 81 of Plaintiff's Complaint are denied.

82.     With respect to the allegations contained in Paragraph 82 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

83.     The allegations set forth in Paragraph 83 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

84.     The allegations set forth in Paragraph 84 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

85.     With respect to the allegations contained in Paragraph 85 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

86.     The allegations set forth in Paragraph 86 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

87.     The allegations set forth in Paragraph 87 of Plaintiff's Complaint, including subparts (a) through (h), are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

88.     The allegations set forth in Paragraph 88 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

89.     The allegations set forth in Paragraph 89 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

90.     With respect to the allegations contained in Paragraph 90 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

91.     The allegations set forth in Paragraph 91 of Plaintiff's Complaint are denied.

92.     The allegations set forth in Paragraph 92 of Plaintiff's Complaint are denied.

93.     The allegations set forth in Paragraph 93 of Plaintiff's Complaint are denied.

94.     The allegations set forth in Paragraph 94 of Plaintiff's Complaint are denied, including subparts (1) through (6).

95.     With respect to the allegations contained in Paragraph 95 of Plaintiff's Complaint, Defendants incorporate by this reference all allegations and denials previously set forth in this Answer.

96.     The allegations set forth in Paragraph 96 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

97.     The allegations set forth in Paragraph 97 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

98.     The allegations set forth in Paragraph 98 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations are denied.

99.     The allegations set forth in Paragraph 99 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by these Defendants. To the extent a response is deemed required, the allegations and requests for relief are denied.

100.    All allegations contained in the WHEREFORE or Prayer for Relief paragraph of Plaintiff's Complaint are denied, including subparts (1) through (6) thereof.

101.   Defendants deny that they were negligent in any respect.   Additionally, Defendants deny all allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

102.   Defendants deny that Plaintiff is entitled to any damages.

103.   Pleading further, and in the affirmative, Defendants assert the defenses of statute of limitation, comparative negligence, intervening cause, Act of God, waiver, estoppel, laches and negligence or intentional acts of third parties over whom these Defendants exercise no dominion or control as complete and/or partial bars to any recovery by the Plaintiff herein. Defendants further state in the affirmative that all of Plaintiff's claims are subsumed by the Arkansas Medical Malpractice Act.

104.   Defendants affirmatively assert that Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered were not proximately caused by Defendants' conduct.

105.   Defendants affirmatively assert the right to plead further, including reservation of all affirmative defenses allowed under Arkansas law which are required to be pled in the initial pleading and all third party claims which may be appropriate.

106.   Without alleging fault on behalf of any named Defendant, Defendants affirmatively assert the application of the Arkansas Uniform Contribution Among Joint Tortfeasors Act, Ark. Code Ann. § 16-61-201 *et seq.*, and Arkansas joint and several liability law and contribution law, to the extent appropriate at the trial of this matter.

107.   Defendants affirmatively plead that Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

108.    Defendants affirmatively plead and assert that any claim for punitive damages is pre-empted by the federal statutory and regulatory scheme related to nursing homes.

109.    Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

110.    Defendants affirmatively plead that Plaintiff's claim for punitive damages against these Defendants is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the Defendants' due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

111.    Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give the Defendants prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

112.    Defendants affirmatively assert that Plaintiff's claims for punitive damages against these Defendants cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate these Defendants' due process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

113.   Defendants affirmatively plead that Plaintiff's claims for punitive damages against these Defendants cannot be sustained, because an award of punitive damages under Arkansas law which allows Plaintiff to prejudicially emphasize the corporate status of any Defendant violates such Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

114.   Defendants affirmatively assert that Plaintiff's claim for punitive damages against these Defendants cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate the Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

115.   Defendants affirmatively assert that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate

16

status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.   This would violate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

116.   Plaintiff's claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendants for punitive damages, would constitute impermissible multiple punishments in violation of Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution.

117.   Defendants affirmatively assert that the claims against them fail to state a cause of action upon which relief can be granted and they should be dismissed as a matter of law.

118.   Defendants affirmatively assert that Plaintiff's claims for negligence, alleged violations of the Arkansas Deceptive Trade Practices Act pursuant to Arkansas Code Annotated § 4-88-101 *et seq.*, breach of the admission agreement, and breach of the provider agreement should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state facts upon which relief can be granted.   Defendants affirmatively assert that all

claims alleged are superseded by the statutory scheme set forth in the Arkansas Medical Malpractice Act.

119.    Defendants affirmatively assert that Plaintiff's claim of negligence is drafted as a medical negligence claim and is, therefore, superseded by the Arkansas Medical Malpractice Act and should be dismissed.

120.    Defendants deny that their conduct was grossly negligent, flagrant, willful, wanton, reckless, malicious, intentional, or conducted with conscious indifference to the rights of any resident, including Mr. Edwards.

121.    Defendants affirmatively assert that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff has suffered no actual damages and lacks standing to pursue such claims.

122.    Defendants affirmatively assert that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff fails to plead any factual assertion by Defendant upon which a reasonable person could rely.

123.    Defendants affirmatively assert that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff fails to plead facts sufficient to show that she actually relied on any representations or conduct by Defendants.

124.    Defendants Diversicare Healthcare Services, Inc., Diversicare Management Services Co., and Advocat Ancillary Services, LLC affirmatively assert that Plaintiff's claim of

18

medical negligence pursuant to the Arkansas Medical Malpractice Act should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state facts upon which relief can be granted, as they are not medical care providers as required for liability pursuant to this Act.

125.    Defendants affirmatively assert that Plaintiff's claims for liability based upon theories of alter ego liability, vicarious liability, piercing the corporate veil, agency, joint enterprise, or any similar or related theories are without basis in fact or law, and should be dismissed as a matter of law.

126.    Defendants affirmatively assert that Plaintiff's claims for liability pursuant to any breach of the provider agreement should be dismissed for failure to state a cause of action pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff has suffered no actual damages and lacks standing to pursue such claims.

127.    Defendants affirmatively assert that Plaintiff's claims for liability pursuant to any breach of the admission agreement should be dismissed pursuant to Rule 10(d) of the Arkansas Rules of Civil Procedure.

128.    Defendants Diversicare Healthcare Services, Inc., Diversicare Management Services Company, and Advocat Ancillary Services, LLC affirmatively assert that Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state facts upon which relief can be granted.  Those Defendants affirmatively assert that Plaintiff fails to allege actionable conduct, vicarious liability, alter ego, or conspiracy liability sufficient to state of cause of action against them.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed, for their costs herein expended, and for all other proper relief to which they are entitled.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
Attorneys at Law
5000 Rogers Avenue, Suite 500
P. O. Box 10127
Fort Smith, AR 72917-0127
(479) 452-2200 – Phone
(479) 452-9097 – Fax

By: *Stephanie l Randall*
Kirkman T. Dougherty
Arkansas Bar No. 91133

Stephanie I. Randall
Arkansas Bar No. 2000124

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Stephanie I. Randall, one of the attorneys for the Defendant herein, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the Plaintiff by depositing the same in the United States Postal Mail Service, postage prepaid, addressed to:

Mr. Brian D. Reddick
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202

Robert M. Sexton
**Rainwater Holt & Sexton**
6315 Ranch Drive
Little Rock, AR 72223

on this 2nd day of January, 2015.

*Stephanie l Randall*
Stephanie I. Randall

IN THE CIRCUIT COUT OF OUACHITA COUNTY, ARKANSAS
6TH DIVISION

ADDIE EDWARDS AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF OZIE EDWARDS, AND ON
BEHALF OF THE WRONGFUL DEATH BENEFICIARIES
OF OZIE EDWARDS                                                              PLAINTIFFS

VS.                              CASE NO. CV-2014-203-6

DIVERSICARE LEASING CORP. D/B/A OUACHITA
NURSING AND REHABILITATION CENTER;
DIVERSICARE HEALTHCARE SERVICES, INC.;
DIVERSICARE MANAGEMENT SERVICES CO.;
ADVOCAT ANCILLARY SERVICES, LLC; OMEGA
HEALTHCARE INVESTORS, INC.; CAMDEN
OPERATIONS, LLC D/B/A OUACHITA NURSING
AND REHABILITATION CENTER; JEJ INVESTMENTS,
LLC; SUB-TEN HOLDINGS, LLC; MASTERTEN, LLC;
ADVANCED PRACTICE SOLUTIONS, LLC; PROCARE
THERAPY SERVICES, LLC; SOUTHERN ADMINISTRATIVE
SERVICES, LLC; PONTHIE HOLDINGS, LLC; PROFESSIONAL
NURSING SOLUTIONS, LLC; JOHN PONTHIE; ROSS
PONTHIE; MARK THOMPSON; AND JENNIE JEANETTE
GOSS HASSAN IN HER CAPACITY AS ADMINISTRATOR
OF OUACHITA NURSING AND REHABILITATION CENTER          DEFENDANTS

SEPARATE DEFENDANT, OMEGA HEALTHCARE INVESTORS, LLC'S
ANSWER TO COMPLAINT

Comes now the Separate Defendant, Omega Healthcare Investors, Inc. ("Omega" or "Defendant") by and through its attorneys, Hardin, Jesson & Terry, PLC, and for its Answer to Plaintiff's Complaint, with respect to the allegations against it arising prior to September 1, 2013, states as follows:

1.      Separate Defendant admits that an Order appointing Plaintiff as Personal Representative for the Estate of Ozie Edwards is attached as Exhibit A to Plaintiff's Complaint, and that document speaks for itself. To the extent the allegations set forth in Paragraph 1 of

Plaintiff's Complaint are inconsistent with Exhibit A, the allegations are denied.   Separate Defendant denies that Plaintiff is entitled to any damages.

2.      Separate Defendant is without sufficient information, knowledge or belief to admit or deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint and, therefore, denies those allegations.

3.      Separate Defendant is without sufficient information, knowledge or belief to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint, but states affirmatively that Mr. Edwards's facility chart and medical records most accurately reflect his dates of residency in any long-term care facility or hospital and his date of death.   To the extent the allegations contained in Paragraph 3 of Plaintiff's Complaint are inconsistent with those documents, the allegations are denied.

4.      The allegations set forth in Paragraph 4 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant.   To the extent a response is deemed required, the allegations are denied.

5.      The allegations set forth in Paragraph 5 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant.   To the extent a response is deemed required, the allegations are denied.

6.      The allegations set forth in Paragraph 6 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

7.      The allegations set forth in Paragraph 7 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

8.     Omega admits that it is a foreign corporation and that its agent for service of process is The Corporation Company at the address listed.  Omega specifically denies that it does business in Arkansas.  Omega denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Separate Defendant denies the allegations contained in the first sentence in Paragraph 9 of Plaintiff's Complaint.  The remainder of the allegations set forth in Paragraph 9 of Plaintiff's Complaint are directed toward another Defendant in this action, and therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

10.     The allegations set forth in Paragraph 10 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

11.     The allegations set forth in Paragraph 11 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

12.     The allegations set forth in Paragraph 12 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

13.     The allegations set forth in Paragraph 13 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

14.     The allegations set forth in Paragraph 14 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

15.     The allegations set forth in Paragraph 15 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

16.     The allegations set forth in Paragraph 16 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

17.     The allegations set forth in Paragraph 17 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

19.     The allegations set forth in Paragraph 19 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

20.     The allegations set forth in Paragraph 20 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

21.     The allegations set forth in Paragraph 21 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

22.     Paragraph 22 of Plaintiff's Complaint fails to state facts against Defendant as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendant.  To the extent Paragraph 22 is construed to state facts as against Defendant, the allegations are denied.  Furthermore, Defendant objects to the collective reference to all parties in this lawsuit.

23.     Paragraph 23 of Plaintiff's Complaint fails to state facts against Defendant as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendant. To the extent Paragraph 23 is construed to state facts against Defendant, the allegations are denied.

24.     Paragraph 24 of Plaintiff's Complaint fails to state facts against Defendant as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendant. To the extent Paragraph 24 is construed to state facts against Defendant, the allegations are denied.

25.     Separate Defendant objects to jurisdiction and venue in this Court.

26.     Separate Defendant is without sufficient information, knowledge or belief to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint, but states affirmatively that Mr. Edwards's facility chart and medical records most accurately reflect his dates of residency in any long-term care facility or hospital and his date of death.  To the extent the allegations contained in Paragraph 26 of Plaintiff's Complaint are inconsistent with those documents, the allegations are denied.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint, including sub-parts (a) through (d), are denied.

29.     The allegations contained in the first sentence of Paragraph 29 of Plaintiff's Complaint are denied.  With respect to the remaining allegations in this paragraph, including sub-parts (a) through (d), Separate Defendant states affirmatively that the surveys in question speak for themselves.  To the extent the remaining allegations in this paragraph are inconsistent with the surveys referenced, the allegations are denied.  Separate Defendant affirmatively asserts that it is without sufficient information, knowledge or belief to admit or deny that the deficiencies referenced in this paragraph are relevant to the alleged injuries suffered by Mr. Edwards and, therefore, denies those allegations.

30.     The first three sentences of Paragraph 30 of Plaintiff's Complaint consist of legal arguments and conclusions of counsel to which no response is required by Defendant.  To the extent a response is required, the allegations are denied.  The fourth sentence of this paragraph is toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied, including sub-parts (a) through (h).

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38.     With respect to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied, including sub-parts (a) through (n).

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied, including sub-parts (a) through (i).

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied, including sub-parts (a) through (l).

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

50.     With respect to the allegations contained in Paragraph 50 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied, including sub-parts (a) through (g).

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint are denied.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

58.     With respect to the allegations contained in Paragraph 58 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

59.     Separate Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint and, therefore, those allegations are denied.

60.     The allegations contained in Paragraph 60 of Plaintiff's Complaint are denied.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint are denied.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

64.     Paragraph 64 of Plaintiff's Complaint fails to state facts against Defendant as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is

required from Defendant. To the extent Paragraph 64 is construed to state facts against Defendant, the allegations are denied.

65.     With respect to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint are denied. Separate Defendant specifically denies that it is a party to any provider agreement.

67.     The allegations contained in Paragraph 67 of Plaintiff's Complaint are denied.

68.     The first sentence of Paragraph 68 of Plaintiff's Complaint consists of legal arguments and conclusions of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied. The remaining allegations contained in Paragraph 68 of Plaintiff's Complaint are denied.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint are denied, including sub-parts (a) through (g).

70.     The allegations contained in Paragraph 70 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

73.     The allegations contained in Paragraph 73 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

74. Paragraph 74 of Plaintiff's Complaint fails to state facts against Defendant as required by Rule 8 of the Arkansas Rules of Civil Procedure and, therefore, no response is required from Defendant. To the extent Paragraph 74 is construed to state facts against Defendant, the allegations are denied.

75. With respect to the allegations contained in Paragraph 75 of Plaintiff's Complaint, Defendants incorporates by this reference all allegations and denials previously set forth in this Answer.

76. The allegations contained in Paragraph 76 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied. Separate Defendant denies that Plaintiff is entitled to any damages.

77. The allegations contained in Paragraph 77 of Plaintiff's Complaint, including sub-parts (a) and (b), consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied.

78. The allegations contained in Paragraph 78 of Plaintiff's Complaint consist of legal conclusions and arguments of counsel to which no responsive pleading is required. To the extent that any responsive pleading may be required, the allegations are denied.

79. The allegations contained in Paragraph 79 of Plaintiff's Complaint are denied.

80. The allegations contained in Paragraph 80 of Plaintiff's Complaint are denied.

81. The allegations contained in Paragraph 81 of Plaintiff's Complaint are denied.

82.     With respect to the allegations contained in Paragraph 82 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

83.     The allegations set forth in Paragraph 83 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

84.     The allegations set forth in Paragraph 84 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

85.     With respect to the allegations contained in Paragraph 85 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

86.     The allegations set forth in Paragraph 86 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

87.     The allegations set forth in Paragraph 87 of Plaintiff's Complaint, including sub-parts (a) through (h), are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

88.     The allegations set forth in Paragraph 88 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

89.     The allegations set forth in Paragraph 89 of Plaintiff's Complaint are directed toward another Defendant in this action and, therefore, no response is required by this Defendant. To the extent a response is deemed required, the allegations are denied.

90.     With respect to the allegations contained in Paragraph 90 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

91.     The allegations set forth in Paragraph 91 of Plaintiff's Complaint are denied.

92.     The allegations set forth in Paragraph 92 of Plaintiff's Complaint are denied.

93.     The allegations set forth in Paragraph 93 of Plaintiff's Complaint are denied.

94.     The allegations set forth in Paragraph 94 of Plaintiff's Complaint are denied.

95.     With respect to the allegations contained in Paragraph 95 of Plaintiff's Complaint, Defendant incorporates by this reference all allegations and denials previously set forth in this Answer.

96.     The allegations contained in Paragraph 96 of Plaintiff's Complaint are denied.

97.     The allegations contained in Paragraph 97 of Plaintiff's Complaint are denied.

98.     The allegations contained in Paragraph 98 of Plaintiff's Complaint are denied.

99.     The allegations contained in Paragraph 99 of Plaintiff's Complaint are denied. Defendant further denies that Plaintiff is entitled to the relief sought in this paragraph.

100.    All allegations contained in the WHEREFORE or Prayer for Relief paragraph of Plaintiff's Complaint are denied, including subparts (1) through (6) thereof.

101.    Defendant denies that it was negligent in any respect.  Additionally, Defendant denies all allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

102.    Defendant denies that Plaintiff is entitled to any damages.

103.    Pleading further, and in the affirmative, the Defendant asserts the defenses of statute of limitation, comparative negligence, intervening cause, Act of God, waiver, estoppel, laches and negligence or intentional acts of third parties over whom this Defendant exercises no dominion or control as complete and/or partial bars to any recovery by the Plaintiff herein. Defendant further states in the affirmative that all of Plaintiff's claims are subsumed by the Arkansas Medical Malpractice Act.

104.    Defendant affirmatively asserts that Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered were not proximately caused by Defendant's conduct.

105.    Defendant affirmatively asserts the right to plead further, including reservation of all affirmative defenses allowed under Arkansas law which are required to be pled in the initial pleading and all third party claims which may be appropriate.

106.    Without alleging fault on behalf of any named Defendant, Defendant affirmatively asserts the application of the Arkansas Uniform Contribution Among Joint Tortfeasors Act, Ark. Code Ann. § 16-61-201 *et seq.*, and Arkansas joint and several liability law and contribution law, to the extent appropriate at the trial of this matter.

107.    Defendant affirmatively pleads that Plaintiff's Complaint fails to state facts sufficient to justify an award of punitive damages.

108.    Defendant affirmatively pleads and asserts that any claim for punitive damages is pre-empted by the federal statutory and regulatory scheme related to nursing homes.

109.    Defendant affirmatively pleads that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not

provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

110.    Defendant affirmatively pleads that Plaintiff's claim for punitive damages against this Defendant is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the Defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

111.    Defendant affirmatively pleads that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give the Defendant prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

112.    Defendant affirmatively asserts that Plaintiff's claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution.

113.    Defendant affirmatively pleads that Plaintiff's claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Arkansas law which allows Plaintiff to prejudicially emphasize the corporate status of any

Defendant violates such Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

114.    Defendant affirmatively asserts that Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

115.    Defendant affirmatively asserts that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for

reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards. This would violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

116.    Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendant for punitive damages, would constitute impermissible multiple punishments in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution.

117.    Defendant affirmatively asserts that the claims against it fail to state a cause of action upon which relief can be granted and it should be dismissed as a matter of law.

118.    Defendant affirmatively asserts that it owed no duty of care to Mr. Edwards or any resident and, therefore, Plaintiff's claims for negligence should be dismissed as a matter of law.

119.    Defendant affirmatively asserts that Plaintiff's claims for negligence, alleged violations of the Arkansas Deceptive Trade Practices Act pursuant to Arkansas Code Annotated § 4-88-101 *et seq.*, breach of the admission agreement, and breach of the provider agreement should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state facts upon which relief can be granted. Defendant affirmatively asserts that all claims alleged are superseded by the statutory scheme set forth in the Arkansas Medical Malpractice Act.

120.   Defendant affirmatively asserts that Plaintiff's claim of negligence is drafted as a medical negligence claim and is, therefore, superseded by the Arkansas Medical Malpractice Act and should be dismissed.

121.   Defendant affirmatively asserts that Plaintiff fails to allege actionable conduct, vicarious liability, alter ego, or conspiracy liability sufficient to state of cause of action against it.

122.   Defendant denies that its conduct was grossly negligent, flagrant, willful, wanton, reckless, malicious, intentional, or conducted with conscious indifference to the rights of any resident, including Mr. Edwards.

123.   Defendant affirmatively asserts that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff has suffered no actual damages and lacks standing to pursue such claims.

124.   Defendant affirmatively asserts that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff fails to plead any factual assertion by Defendant upon which a reasonable person could rely.

125.   Defendant affirmatively asserts that Plaintiff's claims for liability based upon any violation of the Arkansas Deceptive Trade Practices Act should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff fails to plead facts sufficient to show that she actually relied on any representations or conduct by Defendant.

126.   Defendant affirmatively asserts that Plaintiff's claim of medical negligence pursuant to the Arkansas Medical Malpractice Act should be dismissed pursuant to Rule 12(b)(6)

of the Arkansas Rules of Civil Procedure for failure to state facts upon which relief can be granted, as it is not a medical care provider as required for liability pursuant to this Act.

127.    Defendant affirmatively asserts that Plaintiff's claims for liability based upon theories of alter ego liability, vicarious liability, piercing the corporate veil, agency, joint enterprise, or any similar or related theories are without basis in fact or law, and should be dismissed as a matter of law.

128.    Defendant affirmatively assert that Plaintiff's claims for liability pursuant to any breach of the provider agreement should be dismissed for failure to state a cause of action pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Plaintiff has suffered no actual damages and lacks standing to pursue such claims.

129.    Defendant affirmatively asserts that Plaintiff's claims for liability pursuant to any breach of the admission agreement should be dismissed pursuant to Rule 10(d) of the Arkansas Rules of Civil Procedure.

130.    Defendant affirmatively asserts that Plaintiff's claims for liability pursuant to any breach of the provider agreement should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, because Defendant is not a party to any provider agreement.

131.    Defendant affirmatively asserts that it does not do business in Arkansas and that it does not own any property or assets in Arkansas.  Therefore, Plaintiff has no basis for any claims against it.  Accordingly, Omega seeks dismissal of Plaintiff's claims pursuant to Rules 12(b)(2) and (6) of the Arkansas Rules of Civil Procedure.

WHEREFORE, Separate Defendant prays that Plaintiff's Complaint be dismissed, for its costs herein expended, and for all other proper relief to which it is entitled.

Respectfully submitted,

HARDIN, JESSON & TERRY, PLC
Attorneys at Law
5000 Rogers Avenue, Suite 500
P. O. Box 10127
Fort Smith, AR 72917-0127
(479) 452-2200 – Phone
(479) 452-9097 – Fax

By: *Stephanie I. Randall*
_____
Kirkman T. Dougherty
Arkansas Bar No. 91133

Stephanie I. Randall
Arkansas Bar No. 2000124

ATTORNEYS FOR DEFENDANT
OMEGA HEALTHCARE INVESTORS,
INC.


## CERTIFICATE OF SERVICE

I, Stephanie I. Randall, one of the attorneys for the Defendant herein, do hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the Plaintiff by depositing the same in the United States Postal Mail Service, postage prepaid, addressed to:

Mr. Brian D. Reddick
**Reddick Moss, PLLC**
One Information Way, Suite 105
Little Rock, Arkansas 72202

Robert M. Sexton
**Rainwater Holt & Sexton**
6315 Ranch Drive
Little Rock, AR 72223

on this 2nd day of January, 2015.

*Stephanie I. Randall*
_____
Stephanie I. Randall

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

FILED
2015 JAN 14 PM 1 27
*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                          PLAINTIFFS

vs.                                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                          DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS            )
                             ) ss
COUNTY OF PULASKI            )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.    That I am an attorney for the Plaintiff in the above captioned case.

2.    That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of Sub-Ten Holdings, LLC via Certified Mail,

Article Number 7012 3460 0002 8802 3589, Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3589, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this ᵈ day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:   (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:   (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

Notary Public

My Commission Expires: APRil 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

Reddick Moss, PLLC

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Post | |

Postmark
Here

Sub-Ten Holdings, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Sent To
Street, Apt.
or PO Box N
City, State,

7012 3460 0002 8802 3589

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sub-Ten Holdings, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                12-4-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7012 3460 0002 8802 3589

PS Form 3811, July 2013          Domestic Return Receipt


EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION**

Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

FILED
2015 JAN 14  PM 1 42
Kathy Bass
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

vs.                                        CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                       DEFENDANTS

<u>**AFFIDAVIT OF SERVICE**</u>

STATE OF ARKANSAS                )
                                 ) ss
COUNTY OF PULASKI                )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.     That I am an attorney for the Plaintiff in the above captioned case.

2.     That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of Advanced Practice Solutions, LLC via

Certified Mail, Article Number 7012 3460 0002 8802 3602, Return Receipt for Merchandise, Restricted Delivery.

3.    That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3602, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this ___ day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

**ACKNOWLEDGEMENT**

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3



EXHIBIT A

PS Form 3811, July 2013                    Domestic Return Receipt

2. Article Number
*(Transfer from service label)*

7012 3460 0000 8898 3E0S

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

3. Service Type
☐ Priority Mail Express™
☐ Certified Mail®      ☐ Return Receipt for Merchandise
☐ Registered          ☐ Insured Mail
☐ Collect on Delivery

1. Article Addressed to:

Advanced Practice Solutions, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  12-4-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage        $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage

Sent To   Advanced Practice Solutions, LLC
          Amy M. Wilbourn
Street, Apt. No.   4375 N. Vantage Drive, Suite 405,
or PO Box No.
City, State, ZIP   Fayetteville, Arkansas 72703

Postmark
Here

PS Form 3800, August 2006

7012 3460 0000 8898 3E0S

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

FILED

2015 JAN 14 PM 1 43

OUACHITA COUNTY, ARK
BETTY WILSON PLAINTIFFS
CIRCUIT CLERK

vs.

CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center

DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS       )
                             ) ss
COUNTY OF PULASKI       )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.     That I am an attorney for the Plaintiff in the above captioned case.

2.     That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Corporation Service Company as Registered Agent of Advocat Ancillary Services,

Inc. via Certified Mail, Article Number 7012 3460 0002 8802 3541, Return Receipt for Merchandise, Restricted Delivery.

3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3541, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 14 day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 13th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7012 3460 0002 8802 3541

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total | | |

Sent To / Street, or PO / City, St:
Advocat Ancillary Services, Inc.
C/O Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

PS Form 3800, August 2006 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Advocat Ancillary Services, Inc.
C/O Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible]

C. Date of Delivery 12-4-14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☒ Yes

2. Article Number (Transfer from service label) 7012 3460 0002 8802 3541

PS Form 3811, July 2013 Domestic Return Receipt

EXHIBIT A

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

FILED
2015 JAN 14 PM 1 40
Kathy Bass
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

vs.                                      CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                      DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of Camden Operations, LLC via Certified Mail,

Article Number 7012 3460 0002 8802 3565, Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3565, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

Notary Public

My Commission Expires: APRIL 4, 2021



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Posta | |

Postmark
Here

Camden Operations, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Sent To
Street, Apt. N
or PO Box N
City, State, Z

7012 3460 0002 8802 3565

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Camden Operations, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
12-4-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)        7012 3460 0002 8802 3565

PS Form 3811, July 2013        Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

2015 JAN 14 PM 1 45

OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

PLAINTIFFS

vs.

CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center

DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS            )
                             ) ss
COUNTY OF PULASKI            )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.     That I am an attorney for the Plaintiff in the above captioned case.

2.     That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Robert E. Rice as Registered Agent of Diversicare Healthcare Services, Inc. via

Services Co. via Certified Mail, Article Number 7012 3460 0002 8802 3534, Return Receipt for Merchandise, Restricted Delivery.

3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3534, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

**ACKNOWLEDGEMENT**

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

EXHIBIT A

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Diversicare Healthcare Services, Inc.
C/O Robert E. Rice
1621 Galleria Boulevard
Brentwood, Tennessee 37027

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X *[signature]*
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
V 8 | 14

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
*(Transfer from service label)*
7015 3460 2000 8802 3527

PS Form 3811, July 2013        Domestic Return Receipt

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage

Postmark
Here

Sent To
Diversicare Healthcare Services, Inc.
C/O Robert E. Rice
1621 Galleria Boulevard
Brentwood, Tennessee 37027

Street, Apt. No;
or PO Box No.

City, State, ZIP+4

7015 3460 2000 8802 3527

PS Form 3800, August 2006        See Reverse for Instructions

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
### SIXTH DIVISION

Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

2015 JAN 14 PM 1 46
*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON PLAINTIFFS
CIRCUIT CLERK

vs.                                      CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                      DEFENDANTS

### AFFIDAVIT OF SERVICE

STATE OF ARKANSAS              )
                              ) ss
COUNTY OF PULASKI              )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Corporation Service Company as Registered Agent of Diversicare Leasing Corp. via

2

Certified Mail, Article Number 7012 3460 0002 8802 3510, Return Receipt for Merchandise, Restricted Delivery.

3.    That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3510, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

**ACKNOWLEDGEMENT**

On this the ___12th___ day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: ___April 4, 2021___

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this ___13th___ day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Diversicare Leasing Corp.
C/O Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 6-1-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7012 3460 0000 0946 3510

PS Form 3811, July 2013        Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Diversicare Leasing Corp.
C/O Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street

Street, Apt. No.
or PO Box No.

City, State, Z

Little Rock, Arkansas 72201

7012 3460 0000 0946 3510

PS Form 3800, August 2006        See Reverse for Instructions

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

FILED

2015 JAN 14 PM 1 47

*Kathy Bass*

OUACHITA COUNTY, ARK

BETTY WILSON

CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

vs.                                              CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                    DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS                    )
                                     ) ss
COUNTY OF PULASKI                    )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Corporation Service Company as Registered Agent of Diversicare Management

Services Co. via Certified Mail, Article Number 7012 3460 0002 8802 3534, Return Receipt for

Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's

First Requests for Production of Documents were served on December 4, 2014 by Certified Mail,

Article Number 7012 3460 0002 8802 3534, Return Receipt for Merchandise, Restricted

Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this 2th day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12ᵗʰ day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12ᵗʰ day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service**TM
**CERTIFIED MAIL**TM **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Pos | |

Postmark
Here

Sent To
Diversicare Management Services Co.
C/O Corporation Service Company
300 Spring Building, Suite 900
Street, Apt. or PO Box
300 S. Springs Street
City, State,
Little Rock, Arkansas 72201

7012 3460 0002 8802 3534

PS Form 3800, August 2006                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Diversicare Management Services Co.
C/O Corporation Service Company
300 Spring Building, Suite 900
300 S. Springs Street
Little Rock, Arkansas 72201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                12-4-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7012 3460 0002 8802 3534

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

FILED
2015 JAN 14 PM 1 36
*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                         **PLAINTIFFS**

vs.                                          CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                          **DEFENDANTS**

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on January 2, 2015, I caused a copy of the Summons, Complaint, Plaintiff's

First Interrogatories and Plaintiff's First Requests for Production of Documents to be served on

Jeanette Goss Hassan via Certified Mail, Article Number 7012 3460 0002 8802 4104, Return

Receipt for Merchandise, Restricted Delivery.

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: APRIL 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | $ |

Postmark
Here

Sent To
Street, Apt. No;
or PO Box No.
City, State, Zip

Jeanette Goss Hassan
2930 Huron Street
Camden, AR 71701

7012 3460 0002 8802 4104

PS Form 3800

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeanette Goss Hassan
2930 Huron Street
Camden, AR 71701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Jeffrey Goss*     ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
*Jeffrey Goss*     1/6/15

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7012 3460 0002 8802 4104

PS Form 3811, July 2013     Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

FILED

2015 JAN 14 PM 1 41

*Kathy Bass*

OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

PLAINTIFFS

vs.                                           CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center               DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS              )
                               ) ss
COUNTY OF PULASKI              )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of JEJ Investments, LLC via Certified Mail,

Article Number 7012 3460 0002 8802 3572, Return Receipt for Merchandise, Restricted Delivery.

3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3572, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this ___ day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile: (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the ___12th___ day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

[NOTARY SEAL: Adriance A. Petersen, NOTARY PUBLIC, PULASKI COUNTY, ARKANSAS, Comm. Exp. April 4, 2021, Comm. #12881600]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this ___12th___ day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

**EXHIBIT A**

PS Form 3811, July 2013 — Domestic Return Receipt
(Transfer from service label)

2. Article Number: 7012 3460 2000 8808 3572

A. Restricted Delivery? (Extra Fee)  ☒ Yes

3. Service Type
☐ Priority Mail Express™
☐ Certified Mail®  ☐ Registered
☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

1. Article Addressed to:
JEJ Investments, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

B. Received by (Printed Name)   C. Date of Delivery  12-4-14
A. Signature  X
☐ Agent  ☐ Addressee

COMPLETE THIS SECTION ON DELIVERY

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $
Postmark Here

Sent To
JEJ Investments, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

7012 3460 2000 8808 3572

FILED

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION** 2015 JAN 14 PM 1 37

*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

vs.                                             CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                     DEFENDANTS

**AFFIDAVIT OF SERVICE**

STATE OF ARKANSAS                  )
                                   ) ss
COUNTY OF PULASKI                  )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.       That I am an attorney for the Plaintiff in the above captioned case.

2.       That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Mark Thompson via Certified Mail, Article Number 7012 3460 0002 8802 3671,

Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 5, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3671, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 2th day of January, 2015.

Respectfully submitted,

By: _____
Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_Patience A. Petersen_
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Po | |

Postmark Here

Sent To
Street, Ap or PO Bo
City, Stat

Mark Thompson
Thompson Home Health
1401 Texas Avenue
Alexandria, Louisiana 71301

7012 3460 0002 8802 3671

PS Form

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Thompson
Thompson Home Health
1401 Texas Avenue
Alexandria, Louisiana 71301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)* ☑ Yes

2. Article Number
*(Transfer from service label)*   7012 3460 0002 8802 3671

PS Form 3811, July 2013   Domestic Return Receipt



EXHIBIT
A

FILED

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION JAN 14 PM 1 39

*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                    PLAINTIFFS

vs.                                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                    DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of MasterTen, LLC via Certified Mail, Article

Number 7012 3460 0002 8802 3596, Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3596, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark Here

Total Posta

Sent To

MasterTen, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Street, Apt. N or PO Box N

City, State, Z

7012 3460 0002 8802 3596

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MasterTen, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  12-4-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®        ☐ Priority Mail Express™
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3460 0002 8802 3596

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION**

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

FILED
2015 JAN 14 PM 1 44
Kathy Bass
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

PLAINTIFFS

vs.                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                    DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS            )
                             ) ss
COUNTY OF PULASKI            )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Corporation Service Company as Registered Agent of Omega Healthcare Investors,

Inc. via Certified Mail, Article Number 7012 3460 0002 8802 3558, Return Receipt for Merchandise, Restricted Delivery.

    3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 9, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3558, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

    IN WITNESS WHEREOF, I have set my hand this 12ᵗʰ day of January, 2015.

Respectfully submitted,

By:_____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the $\overline{12M}$ day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

7012 3460 0002 8802 3558

Sent To

Omega Healthcare Investors, Inc.
C/O Corporation Service Company
300 S. Spring Street
300 Spring Building, Suite 900
Little Rock, Arkansas 72201

Street, Apt. No. or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Adam Davis   12/9

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Omega Healthcare Investors, Inc.
C/O Corporation Service Company
300 S. Spring Street
300 Spring Building, Suite 900
Little Rock, Arkansas 72201

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
*(Transfer from service label)*   7012 3460 0002 8802 3558

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

FILED

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION** 2015 JAN 14 PM 1 38

~~Kathy Bass~~
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

vs.                                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                    DEFENDANTS

**AFFIDAVIT OF SERVICE**

STATE OF ARKANSAS                    )
                                     ) ss
COUNTY OF PULASKI                    )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of Ponthie Holdings, LLC via Certified Mail,

Article Number 7012 3460 0002 8802 3640, Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3640, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: APRIL 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Posta | |

Postmark
Here

Ponthie Holdings, LLC
Amy M. Wilbour
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Sent To

Street, Apt. N
or PO Box No

City, State, Zi

PS Form 3800, August 2006        See Reverse for Instructions

7012 3460 0002 8802 3640

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ponthie Holdings, LLC
Amy M. Wilbour
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 12-4-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3460 0002 8802 3640

PS Form 3811, July 2013        Domestic Return Receipt



EXHIBIT
A

FILED

IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
SIXTH DIVISION

OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

                                                          PLAINTIFFS

vs.                              CASE NO. CV-2014-203-6



Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center

                                                          DEFENDANTS

## **AFFIDAVIT OF SERVICE**

STATE OF ARKANSAS              )
                               ) ss
COUNTY OF PULASKI              )

        The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

        1.      That I am an attorney for the Plaintiff in the above captioned case.

        2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of ProCare Therapy Services, LLC via Certified

Mail, Article Number 7012 3460 0002 8802 3619, Return Receipt for Merchandise, Restricted Delivery.

     3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3619, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

     IN WITNESS WHEREOF, I have set my hand this $\underline{2^{th}}$ day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: APRiL 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Pos | |

Postmark Here

Sent To

Procare Therapy Services, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Street, Ap or PO Bo
City, Stat

7012 3460 0002 8802 3619

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Procare Therapy Services, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
12-4-14

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)

7012 3460 0002 8802 3619

PS Form 3811, July 2013        Domestic Return Receipt



EXHIBIT
A

FILED

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

2014 JUN 14 PM 1 28

Kathy Ross
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    PLAINTIFFS

vs.                                        CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                    DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Amy Wilbourn as Registered Agent of Professional Nursing Solutions, LLC via

Certified Mail, Article Number 7012 3460 0002 8802 3626, Return Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 4, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3626, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12ᵗʰ day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12th day of January, 2015, before me, a Notary Public in and for the State

and County aforesaid, came the individual known to me to be the person whose name is

subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed

the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S.
Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark
Here

Professional Nursing Solutions, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Sent To

Street, Apt. No.;
or PO Box No.

City, State, Z

7012 3460 0002 8802 3626

PS Form 3800, August 2006                 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Professional Nursing Solutions, LLC
Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____      ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  12-4-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
(Transfer from service label)     7012 3460 0002 8802 3626

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

## IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
## SIXTH DIVISION

Addie Edwards as Personal Representative of the
Estate  of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards

PLAINTIFFS

vs.                                          CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center

DEFENDANTS

*STATE OF ARKANSAS*
*County of Ouachita* ss
*FILED ON THIS 12/14*
*at 1:31 o'clock P.M.*
*Betty Wilson, Circuit Clerk*
*By: Kathy Bass*
*D.C.*

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS            )
                             ) ss
COUNTY OF PULASKI            )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on December 2, 2014, I caused a copy of the Summons, Complaint,

Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be

served on Ross Ponthie via Certified Mail, Article Number 7012 3460 0002 8802 3688, Return

Receipt for Merchandise, Restricted Delivery.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on December 5, 2014 by Certified Mail, Article Number 7012 3460 0002 8802 3688, Return Receipt for Merchandise, Restricted Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas  72202
Telephone:  (501) 907-7790
Facsimile:   (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone:  (501) 868-2500
Facsimile:   (501) 868-2505

*Attorneys for the Plaintiff*

2

## ACKNOWLEDGEMENT

On this the 12TH day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: APRil 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12th day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com℠

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Post | |

Postmark
Here

Sent To

Ross Ponthie
6110 Bayour Robert Drive
Alexandria, Louisiana 71301

Street, Apt.
or PO Box N
City, State, 2

7012 3460 0002 8802 3688

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ross Ponthie
6110 Bayour Robert Drive
Alexandria, Louisiana 71301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Ross Ponthie_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                12-5-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail®      ☐ Priority Mail Express™
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)        7012 3460 0002 8802 3688

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

FILED
2015 JAN 14  PM 1 30
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                                    **PLAINTIFFS**

vs.                                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                                    **DEFENDANTS**

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as
follows:

1.    That I am an attorney for the Plaintiff in the above captioned case.

2.    That on December 2, 2014, I caused a copy of the Summons, Complaint,
Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents to be
served on Amy Wilbourn as Registered Agent of Southern Administrative Services, LLC via

Certified Mail, Article Number 7012 3460 0002 8802 3633, Return Receipt for Merchandise,

Restricted Delivery.

3.     That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's

First Requests for Production of Documents were served on December 4, 2014 by Certified Mail,

Article Number 7012 3460 0002 8802 3633, Return Receipt for Merchandise, Restricted

Delivery, as evidenced by the Return of Service, which is attached hereto as Plaintiff's Exhibit

"A".

IN WITNESS WHEREOF, I have set my hand this 12th day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas 72202
Telephone: (501) 907-7790
Facsimile:  (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone: (501) 868-2500
Facsimile:  (501) 868-2505

*Attorneys for the Plaintiff*

## ACKNOWLEDGEMENT

On this the 12ᵀᴴ day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this 12ᵗʰ day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark
Here

Sent To
Southern Administrative Services, LLC
C/O Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

Street, Apt.
or PO Box N
City, State, Z

PS Form 3800

7012 3460 0002 8802 3633

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Southern Administrative Services, LLC
C/O Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405,
Fayetteville, Arkansas 72703

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
12-4-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)   7012 3460 0002 8802 3633

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
A

**IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS**
**SIXTH DIVISION**

2015 JAN 21 PM 1 04
~~FILED~~
*Kathy Bass*
OUACHITA COUNTY, ARK
BETTY WILSON
CIRCUIT CLERK

Addie Edwards as Personal Representative of the
Estate of Ozie Edwards, and on behalf of the
wrongful death beneficiaries of Ozie Edwards                 **PLAINTIFFS**

vs.                                    CASE NO. CV-2014-203-6

Diversicare Leasing Corp. d/b/a Ouachita Nursing
and Rehabilitation Center; Diversicare Healthcare
Services, Inc.; Diversicare Management Services Co.;
Advocat Ancillary Services, LLC; Omega
Healthcare Investors, Inc.; Camden Operations, LLC
d/b/a Ouachita Nursing and Rehabilitation Center;
JEJ Investments, LLC; Sub-Ten Holdings, LLC; MasterTen,
LLC; Advanced Practice Solutions, LLC; Procare
Therapy Services, LLC; Southern Administrative Services,
LLC; Ponthie Holdings, LLC; Professional Nursing
Solutions, LLC; John Ponthie; Ross Ponthie;
Mark Thompson; and Jennie Jeanette Goss Hassan
in her capacity as Administrator of
Ouachita Nursing and Rehabilitation Center                  **DEFENDANTS**

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS          )
                           ) ss
COUNTY OF PULASKI          )

The undersigned attorney, having been duly sworn, states upon oath and affirmation as

follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on January 3, 2015, I caused a copy of the Summons, Complaint, Plaintiff's

First Interrogatories and Plaintiff's First Requests for Production of Documents to be served on

John Ponthie via Process Server.

3.      That said Summons, Complaint, Plaintiff's First Interrogatories and Plaintiff's First Requests for Production of Documents were served on January 3, 2015 by Process Server, as evidenced by the Affidavit of Process Server, which is attached hereto as Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 14 day of January, 2015.

Respectfully submitted,

By: _____

Brian D. Reddick (94057)
Brent L. Moss (95075)
Robert W. Francis (2007032)
Daniel K. Yim (2014202)
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas  72202
Telephone:  (501) 907-7790
Facsimile:   (501) 907-7793

and

Robert M. Sexton (1996106)
Rainwater Holt & Sexton
801 Technology Dr.
Little Rock, AR 72223
Telephone:  (501) 868-2500
Facsimile:   (501) 868-2505

*Attorneys for the Plaintiff*

2

## ACKNOWLEDGEMENT

On this the **14** day of January, 2015, before me, a Notary Public in and for the State and County aforesaid, came the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: April 4, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been placed in the U.S. Mail, postage pre-paid, on this **14** day of January 2015, to the following attorneys of record:

Kirkman T. Dougherty
Stephanie J. Randall
HARDIN, JESSON & TERRY, PLC
5000 Rogers Avenue, Suite 500
Fort Smith, AR 72917

Amy M. Wilbourn
Vicki Bronson
CONNER & WINTERS, LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703

_____
Reddick Moss, PLLC

3

# Affidavit of Process Server

## Circuit Court Of Ouachita County, Arkansas, Division 6
(NAME OF COURT)

| Addie Edwards, et al | vs | Diversicare Leasing Corp., et al | CV-2014-203-6 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I, Larry Duck , being first duly sworn, depose and say:  that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served  John Ponthie
NAME OF PERSON / ENTITY BEING SERVED

with (list documents)  Summons, Complaint, Plaintiff 1st RFP, Plaintiff 1st ROG

by leaving with  John Ponthie                                                                                   At
NAME                                       RELATIONSHIP

☑ Residence 2723 Alvamar Drive                              Shreveport, Louisiana
ADDRESS                                      CITY / STATE

☐ Business_____
ADDRESS                                      CITY / STATE

On January 3, 2015                          AT 5:24 p.m.
DATE                                         TIME

☑ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____
CITY          STATE          ZIP

**Manner of Service:**
☑ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE          TIME                     DATE          TIME

(3)_____ (4)_____ (5)_____
DATE      TIME                DATE       TIME                DATE      TIME

**Description:.** Age 50s   Sex Male  Race White Height 5'10"  Weight 180  Hair brown Beard n/a  Glasses n/a

_Larry Duck_
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 5th day of January , 20 15 , by Larry Duck
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

**Sarannette Frontaura-Duck**
Notary ID Number 59237
Bossier Parish, LA
Commission expires upon death

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of Louisi___

EXHIBIT
A