IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADDIE EDWARDS, *as Personal Representative*
*of the Estate of Ozie Edwards and on behalf of the*
*wrongful death beneficiaries of Ozie Edwards and*
*all others similarly situated*                                        PLAINTIFF

V.                          CASE NO. 1:17-CV-01054

CAMDEN OPERATIONS, LLC, d/b/a Ouachita Nursing
and Rehabilitation Center, *et al*.                                          DEFENDANTS

## **ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Third Amended Class Action Complaint. ECF No. 23. Plaintiff has filed a response. ECF No. 32. Defendants have filed a reply. ECF No. 39. The Court finds this matter ripe for consideration.

Defendants removed this matter from the Circuit Court of Ouachita County, Arkansas, on August 14, 2017. ECF No. 1. Plaintiff subsequently filed a Third Amended Class Action Complaint Against Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc., Both d/b/a Ouachita Nursing and Rehabilitation Center, and the Ponthie Defendants ("Third Amended Class Action Complaint") on September 5, 2017. ECF No. 18. In the Third Amended Class Action Complaint, Plaintiff adds Debra Wheelington ("Wheelington"), who is the personal representative of the Estate of Buele Cross, as a named plaintiff. The Third Amended Class Action Complaint states that "Plaintiffs bring this action individually and in a representative capacity[.]" ECF No. 18, ¶ 41.

Defendants now move the Court to strike Plaintiff's Third Amended Class Action Complaint, arguing that: (1) "Plaintiff's amendment to add Ms. Wheelington as a Plaintiff is made for the purpose of destroying diversity jurisdiction under 28 U.S.C. § 1332(a) and should be

stricken" (ECF No. 23, ¶ 4); and (2) pursuant to 28 U.S.C. § 1447(e), Plaintiff may not join additional parties without the Court's leave.

In response, Plaintiff argues that she filed the Third Amended Class Action Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) fifteen days after Defendants filed a 12(b) motion to dismiss. ECF No. 32, p. 2. Plaintiff further argues that the Third Amended Class Action Complaint was not filed as a means of destroying diversity jurisdiction. ECF No. 32, p. 3. Plaintiff contends that her "actions fall squarely within the rules of Civil Procedure—no new parties were added and Plaintiffs amended their complaint as a matter of course in response to Defendants' motion to dismiss." ECF No. 32, p. 4. Finally, in regard to Defendants' argument that 28 U.S.C. § 1447(e) required Plaintiff to seek leave of court before filing her amended complaint, Plaintiff states that the plain language of 28 U.S.C. § 1447(e) "makes clear that it applies only to the joinder of ***additional defendants***" and, accordingly, is inapplicable. ECF No. 32, p. 4 (emphasis in original).

As an initial matter, the Court notes that the thrust of Defendants' Motion concerns the allegation that Plaintiff filed her Third Amended Class Action Complaint in order to destroy diversity jurisdiction. However, the Court recently ruled that it has subject matter jurisdiction over the present matter pursuant to the Class Action Fairness Act. As such, the Court finds it unnecessary to further inquire into issues concerning diversity jurisdiction. Thus, the Court will not address Defendants' argument that the Third Amended Class Action Complaint should be stricken because Plaintiff added Wheelington to destroy diversity.

Moving on to Defendants' assertion that Plaintiff was required to seek leave before joining parties under 28 U.S.C. § 1447(e), that statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

stricken" (ECF No. 23, ¶ 4); and (2) pursuant to 28 U.S.C. § 1447(e), Plaintiff may not join additional parties without the Court's leave.

In response, Plaintiff argues that she filed the Third Amended Class Action Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) fifteen days after Defendants filed a 12(b) motion to dismiss. ECF No. 32, p. 2. Plaintiff further argues that the Third Amended Class Action Complaint was not filed as a means of destroying diversity jurisdiction. ECF No. 32, p. 3. Plaintiff contends that her "actions fall squarely within the rules of Civil Procedure—no new parties were added and Plaintiffs amended their complaint as a matter of course in response to Defendants' motion to dismiss." ECF No. 32, p. 4. Finally, in regard to Defendants' argument that 28 U.S.C. § 1447(e) required Plaintiff to seek leave of court before filing her amended complaint, Plaintiff states that the plain language of 28 U.S.C. § 1447(e) "makes clear that it applies only to the joinder of ***additional defendants***" and, accordingly, is inapplicable. ECF No. 32, p. 4 (emphasis in original).

As an initial matter, the Court notes that the thrust of Defendants' Motion concerns the allegation that Plaintiff filed her Third Amended Class Action Complaint in order to destroy diversity jurisdiction. However, the Court recently ruled that it has subject matter jurisdiction over the present matter pursuant to the Class Action Fairness Act. As such, the Court finds it unnecessary to further inquire into issues concerning diversity jurisdiction. Thus, the Court will not address Defendants' argument that the Third Amended Class Action Complaint should be stricken because Plaintiff added Wheelington to destroy diversity.

Moving on to Defendants' assertion that Plaintiff was required to seek leave before joining parties under 28 U.S.C. § 1447(e), that statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

y

stricken" (ECF No. 23, ¶ 4); and (2) pursuant to 28 U.S.C. § 1447(e), Plaintiff may not join additional parties without the Court's leave.

In response, Plaintiff argues that she filed the Third Amended Class Action Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) fifteen days after Defendants filed a 12(b) motion to dismiss. ECF No. 32, p. 2. Plaintiff further argues that the Third Amended Class Action Complaint was not filed as a means of destroying diversity jurisdiction. ECF No. 32, p. 3. Plaintiff contends that her "actions fall squarely within the rules of Civil Procedure—no new parties were added and Plaintiffs amended their complaint as a matter of course in response to Defendants' motion to dismiss." ECF No. 32, p. 4. Finally, in regard to Defendants' argument that 28 U.S.C. § 1447(e) required Plaintiff to seek leave of court before filing her amended complaint, Plaintiff states that the plain language of 28 U.S.C. § 1447(e) "makes clear that it applies only to the joinder of ***additional defendants***" and, accordingly, is inapplicable. ECF No. 32, p. 4 (emphasis in original).

As an initial matter, the Court notes that the thrust of Defendants' Motion concerns the allegation that Plaintiff filed her Third Amended Class Action Complaint in order to destroy diversity jurisdiction. However, the Court recently ruled that it has subject matter jurisdiction over the present matter pursuant to the Class Action Fairness Act. As such, the Court finds it unnecessary to further inquire into issues concerning diversity jurisdiction. Thus, the Court will not address Defendants' argument that the Third Amended Class Action Complaint should be stricken because Plaintiff added Wheelington to destroy diversity.

Moving on to Defendants' assertion that Plaintiff was required to seek leave before joining parties under 28 U.S.C. § 1447(e), that statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

may deny joinder, or permit joinder and remand the action to the State court." As Plaintiff notes, the plain language of this statute explicitly applies to joinder of additional defendants, not joinder of plaintiffs. Accordingly, the Court finds Defendants' arguments on this point unpersuasive.

Turning to the issue of whether leave was required under Federal Rule of Civil Procedure 15, Plaintiff claims that she filed her Third Amended Class Action Complaint as a matter of course pursuant to Rule 15(a)(1)(B). ECF No. 32, p. 2. Rule 15 states:

> A party may amend its pleading once as a matter of course within: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)(A) & (B); Fed. R. Civ. P. 15(a)(2). The plain language of Rule 15 makes clear that a party may amend its pleading only once as a matter of course. Here, Plaintiff filed a Third Amended Class Action Complaint, having filed two previous amended complaints in state court. Thus, it is clear that Plaintiff has amended her pleadings more than once and, accordingly, was required to obtain Defendants' written consent or leave of court before she filed her Third Amended Class Action Complaint. Plaintiff did neither before filing her Third Amended Class Action Complaint. Therefore, the Court finds that Plaintiff's Third Amended Class Action Complaint (ECF No. 18) should be stricken.

For the foregoing reasons, the Court finds that Plaintiff's Third Amended Class Action Complaint Against Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc., Both d/b/a Ouachita Nursing and Rehabilitation Center, and the Ponthie Defendants (ECF No. 18) should be and hereby is stricken from the docket. If Plaintiff wishes to be given leave to file her Third Amended Class Action Complaint she must so move in compliance with the Court's local

rules within seven (7) days of the date of this Order. *See* Local Rule 5.5. Defendants shall have seven (7) days to respond.

**IT IS SO ORDERED**, this 19th day of January, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge