IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADDIE EDWARDS, *as Personal Representative*
*of the Estate of Ozie Edwards and on behalf of the*
*wrongful death beneficiaries of Ozie Edwards and*
*all others similarly situated*; and DEBRA
WHEELINGTON, *as Personal Representative of the Estate*
*of Buele Cross and on behalf of the wrongful death beneficiaries*
*of Buele Cross and all others similarly situated*      PLAINTIFFS


V.            CASE NO. 1:17-CV-01054


CAMDEN OPERATIONS, LLC, d/b/a Ouachita Nursing
and Rehabilitation Center, *et al*.      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss filed by Separate Defendants Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center; Progressive Eldercare Services, Inc.; JEJ Investments, LLC; Advanced Practice Solutions, LLC; ProCare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; CarePlus Staffing Services, LLC; Ross Ponthie; and John Ponthie (hereinafter the "Moving Defendants"). ECF No. 60. Plaintiffs have filed a response. ECF No. 64. Moving Defendants have filed a reply. ECF No. 69. The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiffs bring claims in their capacities as personal representatives of the estates of two former residents of the Ouachita Nursing and Rehabilitation Center (hereinafter the "Facility") as well as on behalf of a proposed class consisting of "all residents and estates of residents who resided at Camden Operations, LLC and Camden-Progressive Eldercare Services, Inc. both d/b/a

Ouachita Nursing and Rehabilitation Center from September 1, 2013 through the present[.]" ECF No. 55, pp. 1-2. In the Third Amended Class Action Complaint, Plaintiffs assert causes of action for (1) violations of the Arkansas Deceptive Trade Practices Act (hereinafter "ADTPA") (ECF No. 55, p. 23); (2) breach of the admission agreement (ECF No. 55, p. 27); (3) illegal exaction under Article Sixteen, section Thirteen of the Arkansas Constitution (ECF No. 55, p. 29); (4) civil conspiracy/acting in concert (ECF No. 55, p. 31); and (5) unjust enrichment (ECF No. 55, p. 33). Plaintiffs claim that Defendants chronically understaffed the Facility, which led to the injury of residents. ECF No. 55, ¶ 29. Plaintiffs state that:

> Defendants' understaffing practices saved them millions of dollars at the expense of the residents' dignity and comfort, and jeopardized their safety. As a result of chronic understaffing, residents at the Facilities were left for long periods in their own urine and waste; were not cleaned, repositioned, or moved, resulting in infections, pressure sores, and loss of mobility; were deprived of food and water; and suffered falls. The failure to provide adequate staff not only violated the law and the contractual terms of the Admission Agreement, it also degraded residents and stripped them of their dignity.

ECF No. 55, ¶ 35. According to Plaintiffs, "Defendants' systemic failure to have sufficient staff at the Facility to meet the needs of its residents . . . caused Plaintiffs and the proposed Plaintiff Class to suffer economic and compensatory damages and injuries[.]" ECF No. 55, ¶ 29.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

The Court will address each of the Moving Defendants' arguments in turn.

3

## I. Arkansas Deceptive Trade Practices Act Claims

The Moving Defendants assert that Plaintiffs have failed to sufficiently plead an ADTPA claim and that, therefore, Plaintiffs' claims against the Moving Defendants for alleged ADTPA violations should be dismissed. The parties' arguments on this issue essentially repeat the arguments put forward in regard to the Motion to Dismiss filed by Separate Defendants Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center and Sub-Ten Holdings, LLC (hereinafter the "Camden Defendants"). The Court has addressed this issue in the order regarding the Motion to Dismiss filed by the Camden Defendants. ECF No. 74. In that order, the Court found that Plaintiffs' ADTPA claims fail and, accordingly, should be dismissed. The Court finds it unnecessary to re-state the reasons why Plaintiffs' claims warrant dismissal, as the same reasoning and rationale that warrants dismissal of Plaintiffs' ADTPA claims against the Camden Defendants apply with equal force to the Moving Defendants. Therefore, the Court finds that Plaintiffs' ADTPA claims against the Moving Defendants should be dismissed.

## II. Breach of Contract

The Moving Defendants further assert that Plaintiffs' breach of contract claims against them must be dismissed because none of the Moving Defendants—aside from Separate Defendant Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center (hereinafter "Camden-PES")[1]—are parties to the allegedly breached admission agreement. In response, Plaintiffs state that they bring breach of contract claims against Separate Defendants Camden Operations, LLC d/b/a Ouachita Nursing and Rehabilitation Center and Camden-PES only and "are not seeking breach of contract claims against the remaining Moving Defendants."

---

[1] The Moving Defendants "admit that there may be a contract between Camden-PES and Buele Cross." ECF No. 61. P. 13, n.9. The Moving Defendants have not briefed this issue and, accordingly, the Court will not now determine whether there is a valid contract between Separate Defendant Camden-PES and Buele Cross.

ECF No. 64, p. 15. Accordingly, the instant motion should be granted insofar as it seeks dismissal of all breach of contract claims against the Moving Defendants, excluding Separate Defendant Camden-PES.[2]

### III. Unjust Enrichment

The Moving Defendants assert that Plaintiffs' unjust enrichment claims must be dismissed because there is an express contract. In response, Plaintiffs assert that the existence of an express contract does not foreclose a cause of action for unjust enrichment.

Generally, unjust enrichment does not apply when an express contract exists. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005). Additionally, the existence of an express contract typically prohibits an unjust enrichment claim against a defendant who is not a party to the express contract. *See id.* (affirming the dismissal of an unjust enrichment claim against a non-party to an express contract because "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter"). However, the "mere fact that there is a contract between the parties does not prevent the grant of restitution in an appropriate case." *Friends of Children, Inc. v. Marcus*, 876 S.W.2d 603, 605 (Ark. Ct. App. 1994). Appropriate cases include those in which there has been a rescission at law, there has been a contract discharged by impossibility or frustration of purpose, or there has been a fundamental mistake about something important in the contract. *Id.* Another appropriate instance to allow an unjust enrichment claim despite the existence of an express contract is when the contract does not fully address a subject.

---

[2] The Moving Defendants attempt to make new arguments that Plaintiffs' breach of contract claim against Separate Defendant Camden-PES must also be dismissed in their reply. The Court will not consider these arguments as they are being raised for the first time in the reply and Plaintiffs have not been afforded an opportunity to respond.

*QHG of Springdale, Inc. v. Archer*, 373 S.W.3d 318, 324 (Ark. Ct. App. 2009); *see also Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1996) (construing Arkansas law).

In the case at bar, Plaintiffs do not specifically argue that any exceptions to the general rule apply or that the contract at issue—the admission agreement—does not fully address the subject of staffing. Even assuming *arguendo* that Plaintiffs did make such arguments, the Court finds that none of the exceptions apply. There is no indication that there has been a rescission at law, that the contract was discharged by impossibility or frustration of purpose, or that there has been a fundamental mistake about something important in the contract. Moreover, although the admission agreement in this case does not specifically discuss staffing levels, it does require that the facility provide care and services to the residents in exchange for payment. The Facility's staffing levels directly impact the quality, consistency, and frequency of the care and services that the residents receive. *See Tuohey v. Chenal Healthcare, LLC, et al.*, 173 F. Supp. 3d 804, 814-15 (E.D. Ark. 2016); *see also Pippen v. Pinewood Health and Rehabilitation, LLC, et al.*, Case No. 1:16-cv-1069, ECF No. 48, p. 16 (W.D. Ark. Aug. 16, 2017) (citing *Tuohey*). Thus, the Court finds that the admission agreements fully address the subject of resident care, including staffing levels. As a result, no exceptions apply to allow Plaintiffs to assert an unjust enrichment claim in concert with their breach of contract claims. Accordingly, Plaintiffs fail to state a claim for unjust enrichment against all Defendants.[3]

**IV.    Illegal Exaction**

The Moving Defendants assert that Plaintiffs' illegal exaction claims must be dismissed because Plaintiffs have not alleged any wrongful action by the State of Arkansas. The parties'

---

[3] The Moving Defendants also argue that Plaintiff Addie Edward's unjust enrichment claims against Separate Defendants Camden-PES, PES, and CarePlus Staffing Services, LLC, must be dismissed because the applicable statute of limitation has passed. However, the Court finds that it need not address this argument in light of the conclusion that Plaintiffs have failed to state a claim for unjust enrichment against any Defendant.

arguments on this issue essentially repeat the arguments put forward in regard to the Motion to Dismiss filed by the Camden Defendants. The Court has addressed this issue in the order concerning the Camden Defendants' Motion to Dismiss. ECF No. 74. In that order, the Court found that Plaintiffs' illegal exaction claims fail and, accordingly, should be dismissed. The Court finds it unnecessary to re-state the reasons why Plaintiffs' claims warrant dismissal, as the same reasoning and rationale that warrants dismissal of Plaintiffs' illegal exaction claims against the Camden Defendants apply with equal force to the Moving Defendants. Therefore, the Court finds that Plaintiffs' illegal exaction claims against the Moving Defendants should be dismissed.[4]

### V.     Civil Conspiracy/Acting in Concert

The Moving Defendants assert that Plaintiffs' civil conspiracy/acting in concert claims must be dismissed because there is no underlying tort to support such claims. In response, Plaintiffs assert that a civil conspiracy/acting in concert claim may be based on some underlying "tortious activity" such as an ADTPA claim. The parties' arguments essentially repeat the arguments put forward in regard to the Camden Defendants' Motion to Dismiss. In the order regarding the Camden Defendants' Motion to Dismiss, the Court found that Plaintiffs' civil conspiracy/acting in concert claims fail under both parties' theories. ECF No. 74. Upon consideration, the Court finds it unnecessary to re-state the reasons why Plaintiffs' claims warrant dismissal, as the same reasoning and rationale that warrants dismissal of Plaintiffs' civil conspiracy/acting in concert claims against the Camden Defendants apply with equal force to the Moving Defendants. Therefore, the Court finds that Plaintiffs' civil conspiracy/acting in concert claims against the Moving Defendants should be dismissed.

---

[4] The Moving Defendants also argue that Plaintiff Addie Edward's illegal exaction claims against Separate Defendants Camden-PES, PES, and CarePlus Staffing Services, LLC, must be dismissed because the applicable statute of limitation has passed. However, the Court finds that it need not address this argument in light of the conclusion that Plaintiffs illegal exaction claims fail on other grounds.

## VI. Claims of Addie Edwards Against Separate Defendant Camden-PES

The Moving Defendants argue that Plaintiff Edwards's claims against Separate Defendant Camden-PES must be dismissed for lack of standing. Specifically, the Moving Defendants argue that Ozie Edwards resided at the Facility nearly two years before it was owned by Separate Defendant Camden-PES. Accordingly, the Moving Defendants contend that any injuries suffered by Ozie Edwards could not have been caused by actions of Separate Defendant Camden-PES and there could be no contract between Ozie Edwards and Separate Defendant Camden-PES.

In their response, Plaintiffs appear to misunderstand the Moving Defendants' argument. Plaintiffs argue that the "Plaintiff Class" has standing to bring suit against Camden-PES because Buele Cross was a resident of the facility when Separate Defendant Camden-PES owned the facility. However, the Moving Defendants do not appear to argue that Buele Cross or the proposed class in general may not assert claims against Camden-PES, but instead simply that Addie Edwards, in her capacity as a representative of Ozie Edwards, does not have standing to bring any viable individual claim against Separate Defendant Camden-PES.

Article III standing requires an "'injury in fact' to the plaintiff that is 'fairly traceable to the challenged act of the defendant,' and 'likely [to] be redressed by a favorable decision.'" *Braden*, 588 F.3d at 591 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Third Amended Class Action Complaint states that "Ozie Edwards was a resident of Ouachita Nursing and Rehabilitation Center . . . from September 1, 2013 until his death on November 12, 2013." ECF No. 55, ¶ 6. The Third Amended Class Action Complaint further asserts that Camden-PES took over ownership of the Facility on or about September 1, 2015. ECF No. 55, ¶ 11. Exhibit D to the Third Amended Class Complaint supports this assertion, showing that on September 1, 2015, a "Change of Ownership" became effective and Separate Defendant Camden-PES became

8

the owner of the Facility. *See* ECF No. 55-4. Accordingly, it is evident that Ozie Edwards resided at the Facility before it was owned by Separate Defendant Camden-PES. Accordingly, it is clear that any injuries Ozie Edwards may have suffered are not "fairly traceable" to any act of Separate Defendant Camden-PES.

Therefore, all of Plaintiff Edwards's claims against Separate Defendant Camden-PES should be dismissed.

### VII. Defective Service of Process

The Moving Defendants further argue that Plaintiffs' claims against Separate Defendants Camden-PES and Progressive Eldercare Services, Inc. (hereinafter "PES") must be dismissed due to defective service of process. ECF No. 60, ¶ 1. Specifically, the Moving Defendants argue that the summonses for Camden-PES and PES did not include "the provision concerning the time permitted for incarcerated persons to respond to the complaint" as allegedly required by Arkansas law. ECF No. 61, p. 5. The Moving Defendants take the position that Arkansas law governs the sufficiency of service.[5]

In response to the Moving Defendants' assertions, Plaintiffs argue that the Federal Rules of Civil Procedure—not Arkansas law—govern the issue of whether service was sufficient. Plaintiffs assert that:

> Defendants voluntarily availed themselves to [sic] the rules and jurisdiction of this federal court and cannot simultaneously elect to adjudicate this case in federal court while maintaining any benefit afforded to them by the Arkansas Rules of Civil Procedure. The Federal Rules of Civil Procedure have governed this matter at all times following removal, including on issues related to service of process and the issuance of summons.

ECF No. 64, p. 9.

---

[5] The Court notes that at this point, the only claim that survives in regard to the Moving Defendants is Plaintiff Debra Wheelington's breach of contract claim against Separate Defendant Camden-PES.

Accordingly, the Court must first determine whether Arkansas law or federal law governs this issue and then whether the service of process served on Separate Defendants Camden-PES and PES was sufficient under the applicable standard. To begin, the Eighth Circuit has observed that "in a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law . . . and after removal, by federal law[.]" *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citations omitted). Accordingly, as this case was removed from state court and it appears that Defendants were served prior to removal, Arkansas service rules and law govern this issue. Therefore, having found that Arkansas law governs this issue, the Court must determine whether service of process was proper under Arkansas law.

"The law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant." *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 460 S.W.3d 795, 798 (Ark. 2015). Under Arkansas law, statutory service requirements and service requirements imposed by court rules "must be strictly construed and compliance with them must be exact." *Id*. (quoting *Trusclair v. McGowan Working Partners*, 306 S.W.3d 428, 430 (Ark. 2009)). Arkansas Rules of Civil Procedure ("ARCP") 4 and 12 govern the content of summonses. Rule 4 requires, in relevant part, that a summons state "the time within which these rules require the defendant to appear, file a pleading, and defend." Ark. R. Civ. P. 4(b). Rule 12 states the time periods in which a defendant must respond. Ark. R. Civ. P. 12 (a)(1) ("A defendant shall file his or her answer within 30 days after the service of summons and complaint . . . A defendant incarcerated in any jail, penitentiary, or other correctional facility in this state, however, shall file an answer within 60 days after service."). Rule 4 and Rule 12 must be read in conjunction. *See* Earls, 460 S.W.3d at 799 ("the language of Rule 4(b) requiring that the summons be directed to 'the defendant,' . . .

must be read in conjunction with Rule 12(a), which provides for varying response times for in-state, out-of-state, and incarcerated defendants.").

In *Earls v. Harvest Credit Mgmt. VI-B, LLC*, the Arkansas Supreme Court was faced with the issue of "whether an error [in the summons], which does not apply to the actual defendant . . . renders the summons defective." *Id*. at 797. In *Earls*, the summons had incorrectly stated that incarcerated persons had thirty days, instead of the correct sixty days, to file an answer. The Defendant-Appellants in *Earls* were not incarcerated and, therefore, the erroneous language did not apply to them or otherwise affect them. *Id*. at 796. However, the court in *Earls* noted that "compliance with Rule 4(b) must be exact[,]" *id*. at 798 (quoting *Trusclair*, 306 S.W.3d at 430), and that Arkansas service rules and law require strict compliance. Accordingly, the *Earls* court found that the summons at issue was defective because it contained an incorrect response time.

Although the *Earls* court did not explicitly state that a summons is defective for *omitting* the response time for a specific type of defendant—as *Earls* dealt with a misstatement of the response time as opposed to a complete omission— the Moving Defendants cite *Earls* in support of that assertion. Furthermore, Plaintiffs do not counter this claim or otherwise argue that the *Earls* holding is limited to situations in which a summons contains a misstatement as opposed to an omission.[6] Regardless, the Court finds that the Moving Defendants' reading of *Earls* is reasonable, especially in light of the fact that the error at issue in *Earls* did not affect the Defendant-Appellants, much the same as the omission of the response time for incarcerated individuals did not affect the Moving Defendants. *See id*, at 799 (concluding that "the response times [contained in the summons] for each category of defendant—in-state, out-of-state, and incarcerated defendants— must be correct and exact."). Accordingly, as there is no dispute that the summons at issue omitted

---

[6] Aside from noting Plaintiffs' failure to counter this point, the Court will not address this issue in depth because it has not been briefed or argued.

language regarding the time in which an incarcerated person must file a response, the Court finds that the summonses served on Separate Defendants Camden-PES and PES were defective. Therefore, it is clear that service of process was not perfected on Separate Defendants Camden-PES and PES pursuant to Arkansas law.

However, the Court notes Plaintiffs' alternative requests in their response to the Moving Defendants' argument on this issue. After presenting their argument, Plaintiffs request leave to amend their summonses pursuant to Federal Rule of Civil Procedure 4(a) or leave to obtain new summonses to be served on Separate Defendants Camden-PES and PES related to the Third Amended Class Action Complaint "[i]f this Court finds that the summons served was defective and Defendants were in fact prejudiced as a result." ECF No. 64, p. 10. Such a request appears to implicate 28 U.S.C. § 1448, which states that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, *or in which process served proves to be defective*, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.[7]

(emphasis and footnote added). That being said, Plaintiffs have not briefed this particular issue or provided detailed argument that the Court should allow them more time to properly serve Separate Defendants Camden-PES and PES.[8] Furthermore, the Court notes that the issue of insufficient service has been raised once before in a previous Motion to Dismiss filed by the Moving Defendants on September 19, 2017. *See* ECF Nos. 27, 28. However, the Court never addressed those arguments due to the fact that, subsequent to the Moving Defendants' filing of their earlier

---

[7] Although Plaintiffs cite this statute in their response, they cite it in support of the proposition that "federal statutes 'establish that state law governing service of process (and all other issues) applies before removal, and that federal law applies after removal.'" ECF No. 64, p. 9.

[8] The Court notes that Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 90 days after a complaint is filed. Even if the Court were to measure from Plaintiffs' most recent complaint—the Third Amended Class Action Complaint that was filed on February 15, 2018—the 90 day period has now passed. *See* ECF No. 55.

Motion to Dismiss, Plaintiffs sought and were granted leave to file an amended complaint, thereby rendering the earlier Motion to Dismiss moot. Nonetheless, even though Plaintiffs had a preview of the Moving Defendants future arguments regarding insufficient service, they did not seek leave to properly serve Defendants or properly serve Defendants on their own initiative. Accordingly, for the foregoing reasons, the Court finds that Plaintiffs have not established that leave to properly serve Separate Defendants Camden-PES and PES is appropriate. Therefore, the final remaining claim of Debra Wheelington for breach of contract against Separate Defendant Camden-PES should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court finds that the Moving Defendants' Motion to Dismiss should be and hereby is **GRANTED**. Accordingly, Plaintiffs' claims against Separate Defendants Camden-Progressive Eldercare Services, Inc. d/b/a Ouachita Nursing and Rehabilitation Center; Progressive Eldercare Services, Inc.; JEJ Investments, LLC; Advanced Practice Solutions, LLC; ProCare Therapy Services, LLC; Southern Administrative Services, LLC; Ponthie Holdings, LLC; Professional Nursing Solutions, LLC; CarePlus Staffing Services, LLC; Ross Ponthie; and John Ponthie are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge